## No. 13,739.

ROEDER, TRUSTEE OF THE COLORADO FUEL AND IRON COM-
PANY *v.* INDUSTRIAL COMMISSION ET AL.

(46 P. [2d] 898)

Decided June 17, 1935.

Mr. TERRELL C. DRINKWATER, Mr. D. C. McGREW, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the

company, and defendants in error as the commission and Hofman, respectively.

This is a workmen's compensation case. The facts are not in dispute. Hofman, while employed by the company, was injured in an accident arising out of and in the course of that employment. As a result thereof he was totally disabled from July 28 to December 6, 1933. He filed his claim with the commission and was awarded compensation at $5 per week. The company, claiming the rate should have been $1.67 per week took the cause to the district court which affirmed the award. To review the judgment entered accordingly the company prosecutes this writ. The amount here involved is small but the question presented, i. e., the correct interpretation of the statute, is important. As it stood at the date of the injury it reads: "In case of temporary disability of more than ten days' duration, the employee shall receive fifty per cent (50%) of his average weekly wages so long as such disability is total, not to exceed a maximum of Fourteen Dollars ($14.00) per week, and not less than a minimum of Five Dollars ($5.00) per week, unless the employee's wages shall be less than Five Dollars ($5.00) per week, in which event he shall receive compensation equal to his average weekly wages." §4445, C. L. 1921, as amended by §8, c. 186, p. 654, S. L. '29. Hofman's average weekly wage for the year preceding the injury was (owing to unemployment) $1.67, but at the time of the accident his rate of pay was $18.48 per week. The question presented is the proper interpretation of the word "wages" in that phrase of the statute reading "unless the employe's wages shall be less than Five Dollars ($5.00) per week," which clause we herein refer to as the "unless" clause. The company says the word should be construed "average weekly wages," while the commission and the court construed it as "wages at the time of the accident." They thus held that Hofman's wages were not less than $5.00 per week, hence the "unless"

clause was not applicable to him, and awarded him the minimum under the first portion of the statute.

In support of its contention the company calls attention to section 4421 (b), C. L. 1921, as amended by section 2, chapter 186, page 649, Laws 1929, which gives the rule for determining "average weekly wages" under the act, and which reads: "The total amount earned by the injured or killed employe in the twelve months immediately preceding the accident shall be computed, which sum shall be divided by fifty-two, and the result thus ascertained shall be considered as the average weekly wage of said injured or deceased employe, for the purpose of computing the benefits provided by this Act, except as hereinafter provided."

In support of its contention the commission calls attention to section 4421 (a), C. L. 1921, which defines the term "wages" and reads: "Whenever the term 'wages' is used it shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the accident, * * * ."

██ ██ Both interpretations are supported by good reasons and both are open to serious objections. In practical application either will result in some inconsistencies. These, however, are legislative, not judicial, problems. The General Assembly has given us a rule of interpretation. It says where the word "wages" is used (and such is the term before us, not "weekly wages" and not "average wages") it shall be construed to mean *"money rate* at which the services are recompensed under the contract of hire in force *at the time of the accident."* Here the *money rate,* under the contract in force *at the time of the accident* was $18.48 per week. This, not being less than $5, the "unless" clause of the section has no application. Hofman was therefore entitled to fifty per cent of his average weekly wage. That average was $1.67 and fifty per cent would be $.835. But in such case the General Assembly has fixed a minimum of $5, the amount awarded

by the commission and approved by the court. We see no escape from the mandate.

The judgment is affirmed.

MR. JUSTICE CAMPBELL, sitting for MR. CHIEF JUSTICE BUTLER, and MR. JUSTICE YOUNG concur.