No. 18,373.

RICHARD G. LYTTLE, ET AL. *v.* STATE COMPENSATION INSURANCE FUND, ET AL.

(322 P. [2d] 1049)

Decided March 17, 1958.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Mr. LANSFORD F. BUTLER, for plaintiff in error Richard G. Lyttle.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, Mr. FRED BODEN DUDLEY, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an action to review a judgment of the district court of the City and County of Denver reversing an

award of the Industrial Commission of Colorado which awarded benefits to claimant Lyttle under the Workmen's Compensation Act of Colorado, C.R.S. 1953, 81-1-1 et seq. The facts on which the case arose are not in conflict.

Claimant is chairman of the Game and Fish Commission which is the governing body of the Game and Fish Department of the State of Colorado. His duties are defined by statute. He receives no compensation for his services although all expenses actually incurred in the discharge of his official duties are paid by the Game and Fish Department.

The accident resulting in claimant's injuries and consequent disability occurred on May 21, 1955, when he was struck by an automobile while crossing the street from Lande's Restaurant in Denver, where he had eaten his evening meal. He had left his residence in Meeker, Colorado, early in the morning of May 20 in the company of Mr. J. C. Gentry, Chief Game Warden for that particular area, in an automobile of the department, to inspect and pass on certain property in Grand county, the purchase of which was being considered by the Game and Fish Commission. He had been requested by the Commission at its previous meeting to inspect this property to determine whether he could recommend its purchase by the Commission. En route to the property he stopped and discussed matters relating to department business with certain of its personnel and others in Craig, Hayden and Kremmling. The inspection then took place and thereafter claimant proceeded to Denver with Mr. Gentry for the purpose of attending the official meeting of the Game and Fish Commission scheduled for May 23 and 24, and to hold an unofficial meeting with such of the commissioners as could attend on May 22. On the afternoon of May 21 claimant contacted Mr. Gilbert Hunter, head of the big game division of the department and with him met with Mr. Clarence Baker, a newly appointed member of the Commission, to discuss depart-

ment business, in particular, matters which would be coming up at the official meeting scheduled to begin May 23. Following this meeting claimant went to dinner with Mr. and Mrs. Hunter. It was immediately after this evening meal, and while crossing the street, that the accident occurred.

The referee found the facts as above stated and also found the following:

"The claimant received no compensation as a member of the Game and Fish Commission but was paid only actual expenses incurred in connection with his duties as a Commissioner. However, in addition to being a member of the Game and Fish Commission, the claimant's vocation was that of editor and publisher of the Meeker Herald from which source claimant received his income, which was in an amount sufficient to make compensation at the maximum. Following the claimant's injuries and during his absence from work on the above-mentioned dates, the claimant was forced to hire additional help to operate his newspaper and incurred expenses in excess of $47.25 per week. The claimant was born March 19, 1901.

"This case presents two questions:

"1. Is a non-paid member of a Board or Commission an employee within the meaning of 81-2-7 Colorado Revised Statutes 1953?

"2. Did the claimant's accident arise out of and within the course of his employment?

"Chapter 81, Article 2, Section 7 Colorado Revised Statutes 1953 provides, inter alia:

"The term 'employee' shall mean and include: (a) every person in the service of the State * * * under any appointment or contract of hire, express or implied * * *."

Each of the questions was answered in the affirmative, and an award of compensation was entered which was approved by the Commission and became final. In appropriate proceedings before the district court it was adjudged and decreed, "That the said award of defendant,

The Industrial Commission of Colorado be, and hereby is reversed."

Claimant and The Industrial Commission bring the cause here for review by writ of error.

### Questions to be Determined.

First: *Is claimant an employee within the coverage of the Workmen's Compensation Law, C.R.S. '53, 81-2-7, notwithstanding the fact that he received no compensation for the services rendered by him as a member of the Game and Fish Commission?*

This question is answered in the affirmative. The Workmen's Compensation Law, C.R.S. '53, 81-2-6, provides in pertinent part that:

"The term 'employer' shall mean and include:

"(1) The state, * * * and all public institutions and administrative boards thereof without regard to the number of persons in the service of any such public employer. All such public employers shall be at all times subject to the compensation provisions of this chapter."

C.R.S. '53, 81-2-7, defines the term "employee" for the purposes of the Workmen's Compensation Act as follows:

"(1) Every person in the service of the state, * * * or any public institution or administrative board thereof, under any appointment or contract of hire, express or implied, and any elective official of the state, or of any county, city, town, irrigation, drainage, or school district therein, or of any public institution or administrative board thereof, except all officers and enlisted men of the national guard of the state of Colorado. * * *"

We note that in the statutory definition of "employee" there is no requirement that a salary be paid for the service rendered. Everyone knows that many persons "in the service of the state" as members of various boards and commissions, perform their statutory duties without salary, or monetary consideration. Had the legislature intended to exclude such persons from coverage under the Workmen's Compensation Law, certainly lan-

guage other than the words actually used would have been employed.

While the case is one of first impression in Colorado, we find that other jurisdictions have awarded benefits to nonsalaried servants of the state under comparable statutory provisions. In *County of Monterey, et al., v. Nellie Pearl Rader*, 199 Calif. 221, 248 Pac. 912, 47 A.L.R. 359, it was held that a bystander summoned by the sheriff to assist in making an arrest was within the coverage of a Workmen's Compensation Act which defined an employee as one who is "in service under any appointment," even though no compensation was paid for the service to be rendered following the appointment. The court there said, inter alia: "The deceased was at the time he was slain in the service of the county under appointment by a county officer, to wit, the sheriff."

The case at bar stands on firmer ground than that found in the above cited California case. There the statute involved contained a statement to the effect that, "All elected and appointed paid public officers" are covered by the act. The court held that this reference to "paid public officers" did not defeat the claim. The Colorado statute makes no reference to "paid" public officials.

Second: *Was the disability suffered by claimant one which was caused by an accident arising out of and in the course of his employment?*

 This question is answered in the affirmative. The recent opinion of this court in the case of *Alexander Film Company v. Industrial Commission,* 136 Colo. 486, 319 P. (2d) 1074, is controlling on this question. We there said, inter alia:

"Mr. Olson, by reason of his employment incurred the risks necessary and incident to such employment. Away from home the hazards of the road, and those hazards involved in the necessary ministrations of self, were the normal and necessary incidents to the paramount purpose of his presence in Michigan, i.e., the production of

playlets and scenarios. Required to be away from his home by the duties of his employment, his compensation covering the expenses necessary and incident to living away from home, any hazards present in staying at the motel, eating at a restaurant, and in going to and from these places come within the ambit of the compensation act."

The opinion in that case contains a number of authorities clearly indicating that the rule applied is well established. No good purpose would be served by repeating those citations here.

Third: *Where a person is in the service of the State of Colorado but receives no "wages" for the services rendered, can his earnings from other work, wholly unrelated to his service for the state, be used as the basis for computing an award of compensation under the terms of the Workmen's Compensation Law?*

■ This question is answered in the negative. In the instant case claimant had been engaged in service for the state as a member of the Game and Fish Commission for several years. The case is not one which falls within the coverage of C.R.S. '53, 81-8-1 (3) which provides:

"(3) Where the foregoing methods of computing the average weekly wage of the employee by reason of the nature of the employment or the fact that the injured employee has not worked a sufficient length of time to enable his earnings to be fairly computed thereunder, or has been ill or in business for himself, or where for any other reason said methods will not fairly compute the average weekly wage, the commission, in each particular case, may compute the average weekly wage of said employee in such other manner and by such other method as will, in the opinion of the commission based upon the facts presented, fairly determine such employee's average weekly wage."

The controlling statute (81-8-1) in pertinent part is as follows:

"The average weekly wage of an injured employee

shall be taken as the basis upon which to compute compensation payments and shall be determined as follows:

"(1) Whenever the term 'wages' is used, it shall be construed to mean the money rate at which the services rendered are recompensed under the contract of hire in force at the time of the accident, either express or implied, and shall not include * * *."

This provision, together with C.R.S. '53, 81-12-2, has been construed in *Roeder, Trustee, v. Industrial Commission, et al.,* 97 Colo. 133, 46 P. (2d) 898. In that case it was held in substance that where the "wages" of a covered employee, received by him on account of the services rendered in the covered employment, amounts to less than the statutory minimum nevertheless he shall receive benefits for temporary total disability at the minimum rate provided by the statute. The court said:

"The General Assembly has given us a rule of interpretation. It says where the word 'wages' is used (and such is the term before us, not 'weekly wages' and not 'average wages') it shall be construed to mean *'money rate* at which the services are recompensed under the contract of hire in force *at the time of the accident.'* Here the *money rate,* under the contract in force *at the time of the accident* was $18.48 per week. This, not being less than $5, the 'unless' clause of the section has no application. Hofman was therefore entitled to fifty per cent of his average weekly wage. That average was $1.67 and fifty per cent would be $.835. But in such case the General Assembly has fixed a minimum of $5, the amount awarded by the commission and approved by the court. We see no escape from the mandate."

Applying this reasoning to the facts in the instant case the *"money rate,* under the contract in force *at the time of the accident"* was nothing. This being less than the minimum under C.R.S. '53, 81-12-2, the weekly compensation must accordingly be fixed at the minimum of $10.00 per week. The trial court was correct in concluding, "That the award of compensation based upon

the occupation of the claimant as editor of a newspaper in Meeker, Colorado, is erroneous." Consideration of this income would require fixing benefits at the maximum provided by the Workmen's Compensation Law. As we have already determined, claimant was within the coverage of the Workmen's Compensation Act and suffered disability arising out of and in the course of his employment. The fact that his employment was without salary has the effect of reducing the amount of compensation which he is entitled to receive to the minimum benefits provided by the Workmen's Compensation Law.

The judgment of the trial court is reversed and the cause remanded with directions to order compensation to claimant consistent with the views herein expressed.