No. 20,362.

STATE COMPENSATION INSURANCE FUND *v.* RICHARD G. LYTTLE AND THE INDUSTRIAL COMMISSION OF COLORADO.
(380 P. [2d] 62)

Decided March 25, 1963.

Mr. ALIOUS ROCKETT, Mr. FRANCIS L. BURY, for plaintiff in error.

Mr. LANSFORD F. BUTLER, for defendant in error Richard G. Lyttle.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

WE shall refer to the plaintiff in error as the Fund and to defendants in error as Claimant and as the Industrial Commission.

Claimant was Chairman of the Fish and Game Commission of the State of Colorado. He received no compensation as a member of the Commission but was paid actual expenses incurred in connection with his duties as a Commissioner. In the course of his employment as Commissioner he suffered an accident and was awarded compensation for temporary total disability, the amount of the award being based upon the impairment of his earning capacity in his separate occupation as a newspaper editor.

On review of this award we held that under the Workmen's Compensation Act claimant was an employee

covered thereby and that the injury arose out of and within the course of his employment, but that his separate occupation could not be considered in fixing benefits. *Lyttle v. State Compensation Ins. Fund,* 137 Colo. 212, 322 P. (2d) 1049. We directed remand of the matter to the Industrial Commission with instructions to fix the award at the minimum provided by the Workmen's Compensation Act in cases of temporary total disability, pointing out that the award must be based on the money rate under the contract in force at the time of the accident, and held that the fact that the employment in which he was injured was without salary had the effect of reducing the amount of compensation to which he was entitled to the minimum benefits provided by the Act.

Upon remand, a second hearing was held by the Commission and a supplemental order entered. The order required the Fund to pay for certain periods of total temporary disability at the minimum rate of $10.00 per week; for 10% permanent partial disability as a working unit at the minimum rate of $10.00 per week; and for three periods of temporary partial disability *at a minimum rate of $10.00 per week.* No determination was made of the extent of the temporary partial disability.

In appropriate proceedings before the district court this award was affirmed. It is to the award of $10.00 per week for temporary partial disability that the Fund has objected and to that part of the award alone the Fund seeks review on writ of error.

In determining the intent and purpose of the Workmen's Compensation Act with respect to the method by which the rate of compensation for temporary partial disability is to be ascertained, it is necessary to examine the various formulae by which compensation is determined. In three of the general disability classifications, it is clear from the express language of the Act that a principal factor common to each formula is that

benefits are to be based upon and bear a relation to the average weekly wage of the claimant.

To illustrate, where a claimant suffers permanent or temporary total disability, compensation is based upon a fixed percentage of his average weekly wage, 1960 Perm. Supp., C.R.S. 81-12-8 and 81-12-2; and where the claimant is found to have permanent partial disability, his award is again based upon the average weekly wage. 1960 Perm. Supp., C.R.S. 81-12-9. Both by statute and decision, the term "wages" is construed to mean the "money rate" at which the services are recompensed under the contract of hire in force at the time of the accident. C.R.S. '53, 81-8-1 (1); *Lyttle v. Fund,* supra.

The disability provision with which we are here specifically concerned states, in toto:

"In case of injury resulting in temporary partial disability the employee shall receive sixty-six and two-thirds per cent of the *impairment of his earning capacity* during the continuance thereof, not to exceed a maximum of forty dollars and twenty-five cents per week or the aggregate sum of five thousand two hundred thirty-two dollars and fifty cents." 1960 Perm. Supp., C.R.S. 81-12-3. [Emphasis supplied.]

While the language of 81-12-3 is different from that used in the other sections dealing with general disability, it is apparent that it was the intent of the Legislature to use the same base for determining compensation throughout the Act, and that the term "earning capacity" as used in the section must be related to the money rate at which the services are recompensed under the contract of hire at the time of the accident.

To hold otherwise would be inconsistent with *Lyttle v. Fund,* supra, and result in many instances in the preposterous situation of granting larger benefits to an injured employee for temporary partial disability than he could receive if he were temporarily totally disabled.

That portion of the Commission's order under review

which purports to explain the basis for the award to claimant of temporary partial disability is in harmony with the above interpretation of the statute and no cross-error is assigned by the claimant. The Commission stated in part:

"The words *benefits, wages, weekly wages, average wages,* and *other similar terms,* have been construed by the Courts and in the matter of Roeder, Trustee v. Industrial Commission, et al., 97 Colo. 133, 46 P. (2d) 898, which case was cited with approval in the instant case, Richard G. Lyttle, et al v. State Compensation Insurance Fund, et al, [it was] held that the words have a general meaning of *'money rate'* at which the services are recompensed under a contract of hire in force at the time of the accident. In the instant case the *'money rate'* in force at the time of the accident was nothing, and for temporary total disability the Supreme Court limited the consideration of the claimant's *'average weekly wage'* to 'nothing' and set the compensation at the minimum rate.

"While there is different verbiage used in the provisions of 81-12-2 and 81-12-3, namely: 81-12-2 reads inter alia: '* * * of his average weekly wage * * *' and 81-12-3 reads inter alia: ' * * * of the impairment of his earning capacity * * *.' the Commission believes and so finds that the intent of the Legislature was to use the same basis for figuring compensation in each Section * * *"

■ Applying the above findings to the situation before the Commission, the "money rate" in force at the time of the accident was *nothing;* therefore, the temporarily partially disabled claimant, entitled to receive some part of his 'money rate,' would receive some part of *nothing.* Since 81-12-3, unlike 81-12-2, has no provision for the award of a minimum amount, no sum of money for temporary partial disability may be awarded.

The Commission, however, inexplicably concluded otherwise, stating:

"The Commission, therefore, finds that the minimum

compensation rate of $10.00 per week is correct and should be adopted as the compensation rate for claimant herein during the periods of temporary partial disability * * *"

We find it impossible to understand by what process of reasoning the Commission concluded that the claimant should be compensated on the basis of a minimum rate where the statute makes no such provision.

■ Whatever its reasoning, the conclusion was clearly erroneous. Neither the Commission nor this Court may supplement the statute by adding thereto a minimum rate provision. The legislature not having provided a minimum rate, we may not undertake to amend or supplement the statute.

The permanent and temporary total disability sections, and the permanent partial disability section, all contain a minimum rate provision. In fact, as the statute stood at all times material here, the claimant was entitled to compensation for temporary total disability and permanent partial disability, solely by virtue of the minimum rate provision, for otherwise, he having a 'money rate' of *nothing,* his awards would have been zero. It is only the temporary partial disability section that lacks a minimum rate, and we think it clear that the legislature was cognizant of the omission and intentionally failed to provide otherwise.

■ Since claimant was earning no salary and therefore had a "money rate" of *nothing,* and since the temporary partial disability statute does not provide for a minimum compensation rate, the amount of compensation to which claimant is entitled by virtue of his temporary partial disability is, and must remain, zero.

The judgment is reversed and the cause remanded to the trial court with directions to order the Commission to vacate the money award for temporary partial disability.

MR. JUSTICE MOORE not participating.