No. 21025.

PITTMAN MOTORS, INC., ET AL., *v.*
THE INDUSTRIAL COMMISSION OF COLORADO, ET AL.
(399 P.2d 784)

Decided December 28, 1964.   Rehearing denied March 22, 1965.

MARGARET R. BATES, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, for defendant in error Industrial Commission of Colorado.

KLINGSMITH & RUSSELL, for defendant in error Roy Fred Claybrook.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS is a Workmen's Compensation case. The employer, Pittman Motors, Inc., was engaged in a motor sales business and generally resorted to barter and trade as incidental to the promotion of sales. It accepted a wide variety of chattel property as payment to apply on the purchase price of motor vehicles. In May, 1961, it acquired a saddle horse as payment on an account.

The claimant, Roy Fred Claybrook, was a ranch hand and occasionally accepted employment in shoeing horses. On May 21, 1961, Pittman Motors, Inc., employed Claybrook to shoe the horse above referred to. While doing the work, the horse kicked him thereby breaking his leg. Claybrook filed his claim for workmen's compensation, and Pittman Motors denied liability on the ground that claimant was an independent contractor and not an employee. Following a hearing at Gunnison, Colorado, at which claimant appeared without counsel, the referee entered findings "that claimant was not an employee of

the respondent employer within the meaning of the Workmen's Compensation Act and that he was but a casual employee hired to do work not in the course of respondent employer's normal business." The claim of Claybrook was accordingly denied. This order was entered November 14, 1961.

On November 13, 1961, attorneys on behalf of the claimant addressed a letter to the Industrial Commission of Colorado which was received at the Denver office of the Commission on November 14, 1961, and which read as follows:

"The above named claimant has contacted us concerning representing him in his claim for compensation for injuries arising out of his accident of May 20, 1961, while an employee of Pittman Motors, Inc.

"We request that his matter be set down for hearing at Gunnison, Colorado, for the taking of additional testimony upon the Referee's next trip through Gunnison."

On November 21, 1961, after claimant had received a copy of the order of the Referee, his counsel addressed the following letter to the Referee:

"On November 13th we wrote you advising that the claimant had contacted us concerning representing him and requesting that you take additional testimony in this matter. On November 14th, the Commission entered its order of that date.

"In view of the fact that the claimant had contacted us and we had requested a further hearing prior to the date of the order, we wonder if it would be possible for the order to be withdrawn for the purpose of taking additional testimony."

To this letter the Referee answered that he was "not inclined to withdraw the order previously entered." He also stated therein the following:

"If you desire to petition for a review of my order dated November 14 we will treat your letter dated November 21, 1961 as an indication that the claimant is

dissatisfied with my order and allow you additional time to secure a transcript and present a memorandum brief in the matter, should you so desire."

On December 8, 1961, claimant's attorney addressed a letter to the Referee in which he enclosed a "Petition for Preparation of The Reporter's Transcript." That letter and petition were received by the Commission on December 13, 1961, and a Reporter's Transcript was furnished by the Commision on or about January 9, 1962. At or about that time the Referee advised counsel for claimant that the transcript had been filed with the Commission, and granted him fifteen days in which to file a memorandum brief in support of his Petition for Review. As requested by claimant's counsel in a letter of January 12, 1962, he was furnished a copy of the transcript and given fifteen days from that date to file a Petition for Review.

On January 31, 1962, a Memorandum Brief in Support of Petition to Review was received by the Commission, the introductory paragraph of which recites:

"Claimant herewith submits his brief in support of his petition for a review of the Referee's order of November 14, 1961. No formal petition for review was filed; however, Referee Abernathey by letter to the claimant's attorneys, dated November 24, 1961, stated that their letter of November 21, 1961, would be treated as such a petition."

We note that claimant did not file a petition to review the order of the Referee, but had merely asked that the case be continued for taking of further evidence. Even though the letters from claimant's attorneys were treated by the Referee as a petition for a review of his order, they did not specify any particular error in compliance with C.R.S. '63, 81-14-6 (3), which provides:

"Every petition for review shall be in writing, and shall specify in detail the particular errors and objection. * * *"

Nevertheless, the Referee gave "Notice of Filing of Petition for Review" on March 5, 1962, as follows:

"You are hereby notified that a Petition for Review of the Referee's Order, dated November 14, 1961, has been filed herein by the claimant.

"The case is being referred to the Industrial Commission for review, consideration and further award as provided by law.

"A copy of the award made by the Commission will be mailed to you when a determination of the matters in dispute has been made, and as required by law."

March 21, 1962, the Commission entered an order which in pertinent part was as follows:

"That this matter should be remanded to the Referee for further hearing on the matter of the remuneration received by this claimant for the duties he actually performed; for a determination of whether or not respondent employer regularly traded for commodities other than motor vehicles; a further statement from Mr. Lloyd L. Pittman regarding the meaning of 'and of a variety of trading, and this happens to be one of the items.'

"IT IS, THEREFORE, ORDERED: That this matter be remanded for further hearing on the Referee's next trip to Gunnison, Colorado for the issues hereinabove enumerated and for no other purpose.

\* \* \*

"IT IS FURTHER ORDERED: That the Referee's Order of November 14, 1961 be and the same is hereby suspended and held in abeyance pending further hearing as above ordered, and that this matter be reset for hearing on the Referee's next trip to Gunnison, Colorado."

From the foregoing, it is apparent that there was nothing at any time properly before the Commission for consideration except a request for a further hearing. The exchange of letters between counsel and the Referee did not contain the minimum requirements of a petition for review. However, there was before the Commission a

request for further hearing. The effect of the Commission's order of March 21, 1962, was to grant a further hearing. A hearing was held on September 10, 1962. Additional testimony was taken by the Referee in strict compliance with the Commission's order. No new or different award was made, but a transcript of the new hearing was forwarded to the Commission, which entered Findings of Fact and Award on December 27, 1962. This award in pertinent part reads as follows:

"That claimant sustained an accidental injury to his right leg on May 20, 1961, in an accident arising out of and within the course of his employment. He left work immediately as a result of the injury and at the time of last hearing herein had not returned to work.

"The Commission further finds that claimant was an employe of Pittman Motors, Inc., pursuant to the provisions of 81-9-1 C.R.S. '53. The Commision specifically finds that claimant's average weekly wage was $10.00.

\* \* \*

"IT IS, THEREFORE, ORDERED: That respondents pay compensation to claimant at the rate of $10.00 per week beginning May 21, 1961 and continuing at that same weekly rate thereafter during temporary total disability.

\* \* \*

"IT IS FURTHER ORDERED: That the Referee's Order of November 14, 1961 be and the same is hereby vacated and held for nought.

"IT IS FURTHER ORDERED: That respondents pay for the necessary medical, surgical and hospital expense incurred as a result of said accident, within six months from date thereof, and not to exceed $1500.00 in value."

The employer and the insurance carrier filed a Petition for Review of the foregoing award of the Commission. The grounds relied upon generally were that the claimant was not an employee of Pittman Motors, Inc., and was not performing a service in the ordinary course

of the business of that company. The claimant also filed a Petition for Review of the Award of the Commission based on the ground that the compensation awarded was inadequate. On February 11, 1963, the Commission adhered to and affirmed its award. On review of the proceedings above detailed, the award of the Commission was upheld by the District Court.

■ It is argued by counsel for the employer that procedural requirements of the statute were not followed in that no petition for review of the Referee's order was filed and that all subsequent events were without any legal significance. In this unusual proceeding the Commission entered an order that additional evidence be taken. This order was made upon application of the claimant. The referee did as directed. He took the evidence and forwarded a transcript thereof to the Commission without making any award or findings following the taking of that evidence. The Commission itself became the trier of the facts, and entered its award without the recomendation or findings of a Referee. There can be no doubt about the right of the Commission to dispose of a claim in this manner, pursuant to section 81-14-5, C.R.S. 1963. There is nothing in the statute which deprives the Commission of the power to function as an original trier of the facts regarding any claim.

■ We have examined the record closely and find ample competent evidence to disclose that claimant was an employee of Pittman Motors at the time of the accident, and that the accident arose out of and in the course of his employment. The trading activities of the employer were not confined to trucks and automobiles but involved a wide variety of chattels, namely: horses, cattle, tractors, implements, farm machinery, hay balers, saddles, rifles, pistols, binoculars, watches, diamonds, lumber, real estate, house trailers, and other personalty. The property thus received frequently needed repair, and as to such items it was a normal practice to employ

persons qualified to condition or repair same in order to put the chattel in a marketable condition.

Claimant contends that the trial court erred in upholding the award based upon a weekly wage of $10.00. He argues that he should have been permitted to show his earnings from another employer, and those earnings should have been used in calculating his average weekly earnings. In *Lyttle v. State Fund*, 137 Colo. 212, 322 P.2d 1049, this court ruled otherwise. In that case it was held that a claimant who receives no salary but was injured while performing duties in the course of his employment is entitled to only the minimum benefits provided by the Workmen's Compensation Act.

The judgment of the trial court is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.