## No. 22081.

STATE COMPENSATION INSURANCE FUND, AND HINSDALE COUNTY *v.* GEORGENA LOUISE KEANE (CLAIMANT IN THE MATTER OF THE DEATH OF JOHN RICHARD KEANE) AND INDUSTRIAL COMMISSION OF COLORADO.

(417 P.2d 8)

Decided July 25, 1966.

ALIOUS ROCKETT, FRANCIS L. BURY, RICHARD T. GOOLD, FEAY BURTON SMITH, JR., for plaintiffs in error.

EMIGH and EMIGH, for defendant in error, Georgena Louise Keane.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error, Industrial Commission of Colorado.

*In Department.*

PER CURIAM.

THIS is a Workmen's Compensation case. The Industrial Commission of the State of Colorado, after a hearing by the Referee, awarded compensation for the death of John Richard Keane, hereafter referred to as the decedent, against the State Compensation Insurance Fund of the State of Colorado in favor of the widow of the decedent, Georgena Louise Keane. An action was brought, pursuant to statute, in the district court to have the finding and award of the Industrial Commission reviewed. The lower court, after a hearing, affirmed the decision of the Industrial Commission awarding maximum compensation to the widow of the deceased.

The Industrial Commission found that the decedent, George Richard Keane, was a resident and citizen of Hinsdale county, Colorado, and had been a deputy sheriff, appointed by the sheriff of Hinsdale county, for some thirteen years prior to his death. That at the time of his death he was a duly acting and qualified deputy sheriff of Hinsdale county. On the day of the accident in which he was killed, he had left his home in the southern part of Hinsdale county in the company of a county commissioner of Hinsdale county, who was also his nephew. The Commissioner was the owner and operator of a private airplane and was going to Lake City,

the county seat of Hinsdale county, for a meeting of the Board of County Commissioners. The decedent was a passenger with him to Lake City, and was to return with him at the conclusion of the business to be transacted at the county seat.

The record shows that the sheriff of Hinsdale county had written a letter to the decedent asking if it were possible for him to come to Lake City. The county clerk of the county wanted to make an arrangement for him to collect trailer taxes, inasmuch as the clerk was having difficulty in collecting taxes on trailers which were in the southern part of the county. The sheriff, who was also a deputy county clerk and recorder, had conferred with the county clerk about the situation. The county clerk requested that the decedent come to Lake City in order that they might be able to discuss the matter of the collection of taxes, and also to appoint him as a deputy county clerk and recorder with authority to collect taxes.

On the day the accident occurred the decedent conferred with the sheriff about the collection of taxes on the trailers and also about certain road problems which existed in the southern part of the county. In addition, they discussed other problems pertaining to law enforcement. The county commissioners and the clerk decided that the decedent should be deputized as a deputy clerk. During the noon hour the clerk left the courthouse with the intention, upon her return, of making out the necessary papers of appointment and administering the oath to the decedent as a deputy county clerk. Shortly after noon, before the papers could be filled out, the decedent and the county commissioner departed by airplane which failed to clear some obstructions and crashed. Both occupants were killed. The Referee of the Industrial Commission found that the decedent was a deputy sheriff and had been such for some thirteen years and was acting within the scope of his employment at the time the accident occurred; that he was a nonsalaried deputy

and received no compensation other than civil fees which he collected for the service of papers; and that his widow was entitled, under the statute, to the maximum benefits. The Industrial Commission, upon review, accepted the findings of the Referee and awarded to the widow of the decedent maximum compensation under the statute.

The insurance carrier, State Compensation Insurance Fund, alleged in the district court, and contends here, that, first, there was no evidence to support the finding that the decedent was engaged in business of the county at the time of his death, and, second, that if he was so engaged in the course of his employment the widow would be entitled to only the minimum benefits as set forth in the statute.

It is argued by the Insurance Fund that the decedent was not a nonsalaried person engaged in business for the county because he was a deputy sheriff, and the statutes of the State provide that deputy sheriffs shall be paid a salary and shall be paid monthly from the general fund of the county; that the arrangement in Hinsdale county for the sheriff to appoint a deputy sheriff and not fix any salary, but to pay him only when services were to be performed in the service of civil papers or other papers which were mailed to him, is a violation of the statute, and that even though a salary was not fixed, one should have been fixed, and, therefore, he would be entitled only to benefits based upon a minimum salary.

The State Fund also argued in the district court and in this court that his trip from his home in the southern part of Hinsdale county to Lake City, the county seat, was not upon official business but was for the purpose of conferring with the county clerk and recorder relative to the collection of taxes on trailers, which was the duty of the county clerk and recorder to collect and had no connection with the sheriff's office; that he was not within the scope of his employment as deputy sheriff at the time of the accident and, for that reason, the

award of the Commission was erroneous and should be set aside.

It is evident from the testimony adduced at the hearing that the decedent would not have taken the airplane from his home to the county seat except for the expressed request of his superior officer, the sheriff of Hinsdale county, and that his presence in Lake City was pursuant to his office and duties as a deputy sheriff. The fact that a discussion was had with the county clerk and recorder about the decedent's appointment as a deputy to collect trailer taxes, was incidental to his trip and the reason for making the trip. We hold that the decision of the Industrial Commission, and the district court finding, that the decedent was acting within the scope of his employment and was therefore entitled to compensation, is amply supported by the evidence.

The next question to be considered is what amount of compensation the widow of the decedent is entitled to under the law. There is no question about the dependency and the right of the widow to receive compensation because of the death of her husband. The Insurance Fund seeks to rely upon the case of *Lyttle v. State Compensation Insurance Fund,* 137 Colo. 212, 322 P.2d 1049, in which this court held that a nonsalaried employee or an appointee of the State Game and Fish Department, not salaried, was to be compensated at the minimum rate. Since the decision in the above case, the legislature has amended the law, and the law now reads as follows:

"C.R.S. 1963, 81-2-7 (1) (b). The rate of compensation of such persons accidentally injured, or, if killed, the rate of compensation for their dependents * * * of every nonsalaried person in the service of the state, or of any county * * * shall be at the maximum rate provided by this chapter."

It is evident that the intent of the legislature was to provide that the employees and appointees of the county, as specified therein, together with all non-

salaried employees, should be paid at the maximum rate of compensation. We find that the decedent was a deputy sheriff acting in the course of his employment, and that he was a nonsalaried person within the meaning of the above statute. There was sufficient evidence to support the award of the Commission of compensation to the widow of the decedent at the maximum rate, and that the district court was correct in its finding and judgment affirming the award of the Commission.

The judgment of the district court is affirmed.

MR. JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE SCHAUER concur.