**EASTMAN KODAK COMPANY, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado; and Rose Boone, Respondents.**

No. 85CA0534.

Colorado Court of Appeals, Div. I.

July 31, 1986.

Sherman & Howard, Lee Dale, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn Aragon, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Div. of Labor.

Eley & Eley, Craig C. Eley, Denver, for respondent Rose Boone.

STERNBERG, Judge.

In this workmen's compensation case, Eastman Kodak Company (employer) seeks review of a final order of the Industrial Commission finding that Rose Boone (claimant) continued to be temporarily totally disabled and had not reached maximum medical improvement, and remanding the matter for further consideration of claimant's eligibility for vocational rehabilitation. We affirm.

This case has a long history. In March 1976, claimant reported to employer an injury to her elbows and wrists, which was later diagnosed as lateral epicondylitis caused by repeated lifting of small rolls of paper. In December 1978, employer filed a special admission of liability for various periods of temporary total disability and for one percent permanent partial disability of each arm at the elbow.

In June 1979, claimant filed a petition to reopen, which employer did not oppose. Claimant had returned to work intermittently since her injury but left work on August 26, 1980, and was laid off permanently in September 1980 because of her physical inability to perform the work.

In January 1981, a hearing was held on the issues of disability and entitlement to vocational rehabilitation. At that hearing, employer declined to admit liability for vocational rehabilitation and claimant testified that she was presently under treatment.

In June 1981, employer made arrangements with the Colorado Division of Rehabilitation to have claimant evaluated for vocational rehabilitation. In an order dated June 18, 1981, a hearing officer recounted claimant's employment and history, and found that claimant was unable to perform those occupations in which she was formerly involved. The hearing officer ordered that temporary total disability benefits be reinstated effective August 27, 1980, that such benefits be continued during claimant's period of temporary total disability, and that claimant be referred for a vocational rehabilitation evaluation. Employer timely petitioned for review of that order, alleging that there was insufficient evidence to support an award of temporary total disability.

In August 1981, a general vocational rehabilitation plan was prepared for submission to claimant. The plan was approved

by all necessary parties, including the Division of Labor. As a result of the plan, claimant commenced on-the-job training as a dispatcher with a security company on November 23, 1981, but she was terminated on January 6, 1982, because she had difficulty retaining instructions.

On January 22, 1982, the Commission dismissed employer's petition to review without prejudice, finding that the June 1981 order was not subject to review because it was not final. *See Kalmon v. Industrial Commission*, 41 Colo.App. 259, 583 P.2d 946 (1978); *Munoz v. Industrial Commission*, 40 Colo.App. 447, 577 P.2d 317 (1978).

A second hearing in this case was held in July 1982. At that hearing, claimant testified that she had not worked since her termination from the on-the-job training position. She further testified that she was still under treatment. Also at that hearing, employer requested that vocational rehabilitation be terminated.

On August 5, 1982, a second hearing officer entered an order finding that claimant continued to be under treatment and continued to be a candidate for vocational rehabilitation. The hearing officer held that claimant was entitled to temporary total disability benefits from November 22, 1981, and continuing until further order, and that vocational rehabilitation efforts should continue. Employer again petitioned for review, but the Commission did not rule on that petition.

In July 1983, employer moved for termination of vocational rehabilitation and entry of a final order, alleging that the vocational rehabilitation provided to claimant had far exceeded the fifty-two week maximum provided by statute.

Claimant then consulted with Dr. Basow, who opined, in a report dated September 22, 1983, that all appropriate tests had not yet been done and that claimant had not had an adequate trial of physical therapy and rehabilitation. Claimant was then referred to Dr. Persellin, who, in a report dated January 6, 1984, indicated that claimant was suffering from chronic lateral epi-condylitis and stated that it was impossible to tell whether claimant had obtained maximum medical improvement. He also stated that he thought that claimant had not had an adequate trial of conservative medical and nonsurgical treatment and gave claimant a 25 percent permanent partial disability rating.

On May 23, 1984, following another hearing, a third hearing officer found that claimant had not reached maximum medical improvement. This finding was based upon claimant's testimony and Dr. Persellin's opinion that claimant had not had an adequate trial of conservative medical and nonsurgical treatment. The hearing officer further found that claimant continued to be temporarily totally disabled and, implicitly, that she had been in a vocational rehabilitation program for only six weeks and three days (the duration of her failed on-the-job training) and was thus eligible for an additional 45 weeks and four days of vocational rehabilitation. The hearing officer determined that claimant should continue to receive temporary total disability benefits and ordered employer to provide rehabilitation subsequent to Dr. Persellin's finding that claimant has reached maximum medical improvement. Employer petitioned for review, incorporating all previous petitions to review.

The Commission, in an order dated March 25, 1985, affirmed in part and vacated in part the May 1984 order. The Commission held that there was substantial and competent evidence to support both the finding that claimant had not yet reached maximum medical improvement and the determination that temporary total disability benefits should continue. The Commission also held, however, that the hearing officer had no authority, following the termination of previous vocational attempts, to find that claimant was eligible for additional vocational rehabilitation of 45 weeks and four days. The Commission further held, based upon Industrial Commission Rule V, effective November 1983, *see* 7 Code Colo. Reg. 1101–3, that authority to determine eligibility for vocational rehabilitation and

to approve any plan developed rests initially with the Director of the Division of Labor. It also held that a new determination of eligibility is required following a determination of the date upon which claimant reached maximum medical improvement.

Accordingly, the Commission vacated the hearing officer's order in part and remanded the matter to the Division for determination of claimant's date of maximum medical improvement and determination by the Director of the Division of Labor of claimant's eligibility for additional vocational rehabilitation benefits. This petition for review then followed.

## I.

On review, employer first contends that there was a lack of substantial evidence in the record to support the award of temporary total disability made in the hearing officer orders of June 1981, August 1982, and May 1984. We find no merit to this contention.

## A.

Employer first argues that the "temporary" nature of a disability ends when a claimant reaches maximum medical improvement and that undisputed medical evidence that claimant reached maximum medical improvement in early 1981 could not be ignored.

■ To the extent that employer wants this court to review the propriety of each of the three orders with reference to the status of the record at the time of issuance of each order, such piecemeal review is not appropriate. Only final orders of the Commission are subject to review by this court, *see* § 8–53–119(1), C.R.S. (1985 Cum.Supp.), and the Commission must make its decision based on a review of the entire record. *See Dziewior v. Michigan General Corp.*, 672 P.2d 1026 (Colo.App. 1983); *cf. Thompson v. Industrial Commission*, 33 Colo.App. 369, 520 P.2d 139 (1974). Nor do we consider employer's claim that it has made substantial over-

payments of temporary total disability payments because of its inability to obtain immediate Commission review of the June 1981 and August 1982 orders. Prior to the 1983 adoption of § 8–53–114(2), C.R.S. (1985 Cum.Supp.), these orders were interlocutory and not subject to immediate review. *See Gonzales v. Industrial Commission*, 689 P.2d 675 (Colo.App.1984) (cert. granted October 15, 1984; dismissed on stipulation June 28, 1985).

Here, at the time the May 1984 order was entered, the evidence included physicians' reports expressing opinions that claimant had reached maximum medical improvement by early 1981. This evidence was contradicted by claimant's testimony that she was still under medical treatment by Dr. Persellin, and by reports stating the opinions of Drs. Basow and Persellin. In resolving this issue, the hearing officer, as is his prerogative, placed greater weight on claimant's testimony and upon Dr. Persellin's opinion. The Commission, based upon its review of the entire record, affirmed the hearing officer's finding.

■ Employer nevertheless argues that the Commission's order is not supported by substantial evidence. Upon our review of the record, however, there is substantial evidence to support the Commission's finding that claimant had not reached maximum medical improvement, and we are, therefore, bound by the Commission's finding. *Golden Age Manor v. Industrial Commission*, 716 P.2d 153 (Colo.App.1985); *see Dziewior v. Michigan General Corp.*, *supra* (because claimant became willing to undergo treatment, basis no longer existed for previous finding that claimant had reached maximum medical improvement).

## B.

Employer next argues that, not only has claimant's temporary disability ended, but that it was never "total" disability. In support of this argument, employer asserts that, subsequent to her termination by employer, claimant applied for and received unemployment benefits and that such conduct constitutes an affirmation by claimant

that she was ready, willing, and able to work at that time. Employer further asserts that claimant's physical ability to perform the on-the-job training program is inconsistent with the conclusion that she is entitled to temporary total disability and that, as early as September 1980, physicians' reports indicated that claimant could perform certain limited duties.

Temporary disability benefits compensate an employee for wage loss during the healing time following a compensable injury. *See* 2 A. Larson, *Workmen's Compensation Law* § 57.12 (1983). The amount of such benefits depends on the degree of wage loss. *See State Compensation Insurance Fund v. Lyttle*, 151 Colo. 590, 380 P.2d 62 (1963); *Lyttle v. State Compensation Insurance Fund*, 137 Colo. 212, 322 P.2d 1049 (1958).

If the disability, *i.e.*, wage loss, *see Byouk v. Industrial Commission*, 106 Colo. 430, 105 P.2d 1087 (1940), is total, temporary total disability benefits are payable as a certain percentage of the employee's average weekly wages. *See* § 8–51–102, C.R.S. (1985 Cum.Supp.). If, however, the disability is partial and an employee engages in work during the healing period, temporary partial disability benefits are payable as a certain percentage of the employee's impaired earning capacity, if any. *See* § 8–51–103, C.R.S. (1985 Cum.Supp.). Both types of temporary benefits are payable until the employee reaches maximum medical improvement, at which time entitlement to temporary benefits ceases, and permanent disability, if any, is determined. *See Vanadium Corp. v. Sargent*, 134 Colo. 555, 307 P.2d 454 (1957); *Collins v. Industrial Commission*, 676 P.2d 1270 (Colo. App.1984); 2 A. Larson, *supra* at § 57.12.

Here, the Commission found that claimant had not yet reached maximum medical improvement. And, the record indicates that claimant has not been employed since her termination by employer with the exception of a period of on-the-job training, during which an amount equal to temporary total disability benefits is payable as weekly maintenance. *See* § 8–49–101(1)(a), C.R.S. (1985 Cum.Supp.). Accordingly, there is no error in the awards of temporary total disability benefits.

## II.

Employer next contends that claimant had been receiving vocational rehabilitation services from June 1981 to the May 1984 order, that the length of such services far exceeds the 52–week maximum provided by § 8–49–101(4), C.R.S. (1985 Cum.Supp.), that the hearing officer erred in finding in the May 23, 1984, order that claimant was eligible for 45 weeks and 4 days of additional vocational rehabilitation, and that the Commission had no authority to remand the matter to the Director of the Division of Labor to determine whether claimant is entitled to additional vocational rehabilitation. Employer requests this court to rule that claimant has received in excess of the maximum vocational rehabilitation benefits permitted by statute. We do not, however, address the merits of this contention.

Employer, as the only appealing party, does not challenge the Commission's remand except insofar as it contends that the 52–week maximum has been exceeded and the Commission therefore lacked authority to remand the matter to the Director. However, because the Commission vacated that portion of the May 1984 order holding that claimant was entitled to additional vocational rehabilitation and remanded the matter for further proceedings, there is currently before us no final order holding that claimant is entitled to additional vocational rehabilitation. Accordingly, resolution by this court of the issue of whether claimant is eligible for and entitled to additional vocational rehabilitation is premature at this time.

Order affirmed.

PIERCE and METZGER, JJ., concur.