**JEFFERSON COUNTY PUBLIC SCHOOLS, Petitioner,**

v.

**Robin L. DRAGOO and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 87CA1632.**

Colorado Court of Appeals,
Div. II.

Aug. 18, 1988.

Rehearing Denied Sept. 22, 1988.

Certiorari Denied Dec. 19, 1988.

Knapp, Lee and York, P.C., Robert A. Weinberger, Michael E. Harr, Denver, for petitioner.

Douglas R. Phillips, Denver, for respondent Robin L. Dragoo.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Angela M. Lujan, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

METZGER, Judge.

Petitioner, Jefferson County Public Schools, contests the final order of the Industrial Claim Appeals Office (Panel) which ordered it to pay workmen's compensation benefits to Robin Dragoo (claimant) based upon her aggregate wages from two concurrent employments. We affirm.

Claimant was injured in the scope of her employment as a bus driver. However, the injury rendered claimant unable to perform both her duties as a bus driver and her independent part-time job as a bartender-bookkeeper for another employer. The dispute concerns whether her benefits should be based on the average weekly wage claimant earned from petitioner only or should include the wages claimant earned from her part-time employment as well.

The Administrative Law Judge (ALJ) included only the wages earned from petitioner in computing claimant's average weekly wage. However, the Panel set aside this determination. It concluded that, pursuant to *St. Mary's Church & Mission v. Industrial Commission,* 735 P.2d 902 (Colo.App.1986), the ALJ should have used the discretionary authority granted by § 8–47–101(4), C.R.S. (1986 Repl. Vol. 3B), to include claimant's part-time income in the computation of her average weekly wage.

■ Petitioner contends that *St. Mary's Church & Mission v. Industrial Commission, supra,* is inapposite because it involved wages from employments which were similar in nature. Petitioner argues that, since the employments here are dissimilar in nature, the holding in *St. Mary's Church & Mission v. Industrial Commission, supra,* should not apply. We disagree.

We did not explicitly or implicitly restrict our holding in *St. Mary's Church & Mission v. Industrial Commission, supra,* to situations involving similar employments. Rather, we held that, where an injury impairs a claimant's ability to earn from concurrent employments, it may be "fair" to include all such wages in the computation of the average weekly wage.

We are aware that other states have restricted compensation based on concurrent employments to those instances where the employments are similar. *See* 2 A. Larson, *Workmen's Compensation Law* § 60.31(a) (1987) (fn 58). However, those states have statutes which permit such a rule. Colorado has no such statute; instead § 8–47–101(4), C.R.S. (1986 Repl. Vol. 3B) provides:

"Where the foregoing methods of computing the average weekly wage of the employee ... *for any ... reason,* will not fairly compute the average weekly wage, the division ... may compute the average weekly wage of said employee in such other manner and by such other method as will, in the opinion of the director based upon the facts presented, fairly determine such employee's average weekly wage." (emphasis added)

The record does not support the ALJ's implicit conclusion that including only the average weekly wage from claimant's employment with petitioner is a "fair" computation.

We are not persuaded by petitioner's argument that our holding, in effect, would "legislate" an *ipso facto* rule for concurrent employments. We acknowledge that, under certain circumstances, it may be appropriate to disallow compensation for multiple wage losses. Here, however, the ALJ gave no reason justifying her failure to include wages from all of claimant's multiple employments, and we can ascertain no justification from the record. Therefore, the Panel properly set aside the ALJ's order.

Nor do we agree with petitioner's argument that *Lyttle v. State Compensation Insurance Fund,* 137 Colo. 212, 322 P.2d 1049 (1958) precludes our holding. There, the supreme court held that an injured volunteer who received no wages for his services was precluded from using earnings from unrelated, remunerative employment as a basis for compensation. The ruling was premised on the non-remunerative nature of the "employment" during which the injury occurred. Here, in contrast, there is no question that all of claimant's employments were remunerative. Hence, that case is inapposite.

We also reject petitioner's alternative contention that the ALJ failed to resolve conflicts in the evidence concerning the amount of claimant's earnings from her part-time employment. It is implicit from the ALJ's findings that claimant's report of these earnings was credible. The ALJ was not required specifically to reject the evidence she deemed unpersuasive. *See Roe v. Industrial Commission,* 734 P.2d 138 (Colo.App.1986).

The Panel's order is affirmed.

KELLY, C.J., and MARQUEZ, J., concur.