**CITY MARKET, INC., Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, David Mitchem, Acting Director of the Division of Labor, Department of Labor and Employment, and Richard Heely, Respondents.**

**No. 90CA1152.**

Colorado Court of Appeals,
Div. V.

May 23, 1991.

Rehearing Denied Aug. 1, 1991.

Certiorari Denied Nov. 25, 1991.

Nelson, Hoskin & Farina, P.C., Frederick G. Aldrich, Grand Junction, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Carol A. Finley, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Withers, Seidman & Rice, P.C., Charles E. Withers, Grand Junction, for respondent Richard Heely.

Opinion by Judge DAVIDSON.

City Market, Inc., the statutory employer, seeks review of a final order of the Industrial Claim Appeals Panel determining that Richard Heely, claimant, was entitled to temporary partial disability payments for his wage loss during the period that he was participating in a vocational rehabilitation program. We set aside the order and remand for further proceedings.

Liability was admitted for a low back injury sustained by claimant in 1983, for which temporary total disability payments were paid until June 1988. After a hearing, the Administrative Law Judge (ALJ) determined that a vocational rehabilitation plan was developed by claimant's voluntary and knowing participation in an on-the-job training program commencing June 27, 1988.

The parties disputed the proper method for the calculation and payment of rehabilitation maintenance during the period of on-the-job training. Relying on *Eastman Kodak Co. v. Industrial Commission,* 725 P.2d 107 (Colo.App.1986), the ALJ found that rehabilitation maintenance benefits under § 8–49–101(1)(a), C.R.S. (1986 Repl.Vol. 3B), as in effect at the time of claimant's injury, are equivalent to temporary total disability benefits as provided for under § 8–51–102, C.R.S. (1986 Repl.Vol. 3B) (now codified at § 8–42–105, C.R.S. (1990 Cum.Supp.)). He therefore awarded claimant weekly rehabilitation maintenance benefits measured by the difference between the gross wages paid by City Market during the on-the-job training and temporary total benefits.

On review, the Panel interpreted *Winters v. Industrial Commission,* 736 P.2d 1256 (Colo.App.1986) to mean that § 8–49–101(1)(a) applies only to non-income-producing activities. It also concluded that, because the evidence and the findings of the ALJ established that claimant was receiving a wage or salary from City Market as his employer during the on-the-job training and was, in fact, paid for working, such circumstances distinguished this case from *Eastman Kodak Co. v. Industrial Commission, supra.* The Panel therefore held that claimant was entitled to temporary *partial* disability benefits for his wage loss between June 27 and December 27, 1988, the period of claimant's on-the-job training.

City Market contends that the Panel's decision is not in accord with either the terms of § 8–49–101(1)(a) or existing case law. We agree.

Section 8–49–101(1)(a) provided that, upon commencement of a vocational rehabilitation program, temporary disability benefits were to be replaced by weekly maintenance payments at a rate equivalent to temporary total disability benefits during the continuation of the program. *Allee v. Contractors, Inc.,* 783 P.2d 273 (Colo. 1989). Furthermore, *Winters v. Industrial Commission, supra,* stands only for the proposition that the amounts which are not the result of the personal labor efforts of a claimant should not be included as part of earnings, *Fireplace Equipment v. Petruska,* 796 P.2d 75 (Colo.App.1990), and does not address the contention at issue here. Therefore, we agree with the ALJ that claimant's rehabilitation maintenance benefits should equal the temporary total disability benefits he otherwise would have received. *See Eastman Kodak Co. v. Industrial Commission, supra.*

However, we also note that the difference between claimant's *gross* wages and his temporary total disability was not equivalent to the amount claimant would have received as temporary total disability.

It is undisputed that in paying the claimant "wages" for his on-the-job training, the employer deducted from his gross wages, amounts for FICA, federal, and state taxes. Because of this manner of payment, claimant received less than the amount of temporary total benefits, to the extent of such deductions. *Cf.* 26 U.S.C. § 3121 (1988) (workers' compensation benefits are excluded from taxable income). Thus, to comply with the requirements of § 8–49–101(1)(a), the employer should have tendered to claimant the difference between his *net* wages and the amount he would have received for temporary total disability. Hence, this matter must be remanded to the ALJ to recalculate the payments due to claimant.

Accordingly, the Panel's order is set aside, and the cause is remanded with directions that the order of the ALJ be modified consistent with the views expressed herein.

JONES and NEY, JJ., concur.