No. 21600.

CAPITAL CHEVROLET COMPANY, ET AL. *v.*
INDUSTRIAL COMMISSION OF COLORADO, ET AL.
(410 P.2d 518)

Decided January 31, 1966.

MARGARET R. BATES, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

DICKERSON, MORRISSEY and DWYER, for defendants in error Kathryn Ann Powders, John P. Powders, Jr., and Karan Ann Powders.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

A REFEREE of the Industrial Commission, after a hearing, entered an award favorable to the widow and two children of the decedent, John P. Powders, Sr. On review, two commissioners adopted and affirmed the order of the referee, the third commissioner dissenting. Subsequently the commission, acting through these two commissioners, affirmed its award. In proceedings before the district court, the determination of the commission was approved and adjudged proper.

The employer and its insurer seek a reversal at the hands of this court on essentially one ground. They try in four ways to convince this court that the accident in which John P. Powders, Sr., sustained fatal injuries did not arise out of and in the course of his employment.

In order to prevail, employer and insurer must show that the following administrative finding is without any support in the evidence:

"The Referee, having reviewed the file and the testimony and briefs submitted by both sides, finds that the deceased was engaged in delivering a jeep to a customer at the time of his fatal accident, that said delivery and

sale was well within the scope of his employment as used car sales manager for his employer, and that his death was a result of an accident which arose out of and in the course of his employment."

■■■ In compensation cases, the defeated party "may have questions of law only reviewed * * * by the supreme court." C.R.S. 1963, 81-14-17. When the sufficiency of the evidence to support an award is disputed, this court is limited by the cited statute to "the legal question of whether there is evidence to support the findings, and not whether the Commission has misconstrued its probative effect. The award is conclusive upon all matters of fact properly in dispute before the Commission, where supported by evidence, or reasonable inference to be drawn therefrom." *Passini v. Industrial Commission,* 64 Colo. 349, 171 Pac. 369; *The Colorado Fuel and Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153.

We now consider the evidence which throws light on the nature and scope of the decedent's employment in order to determine whether the commission was justified in adopting the findings of the referee.

Decedent was the treasurer and a holder of ten per cent of the capital stock of the employer. He was the manager of the used car department, receiving a salary and bonus for his services. Selling automobiles was not a necessary part of his work, although he made sales occasionally, particularly when the salesmen were busy.

It appears that the decedent could "decide whatever should be done as related to used cars"; that he had "complete charge of [the] used car department, from the process of taking cars in, reconditioning them, and re-selling them and running the sales force necessary to sell them"; that "had [the decedent] thought it was best to dispose of a vehicle in a given manner no one questioned whether it was right, wrong or indifferent, because in this type of business it is a judgment busi-

ness and what would be good judgment one day may not be so good the next day."

The weekend preceding the fatal accident the decedent agreed to sell a jeep to his father, who resided at Hot Sulphur Springs, for approximately what the employer had in the car plus the reconditioning cost. The decedent agreed to deliver the car on the next weekend.

On Thursday, November 1, 1962, the decedent was driving the jeep toward Hot Sulphur Springs for the purpose of delivering it to his father. Eighty-one miles west of Denver, and at about 10:55 P.M., he lost control of the vehicle and it left the highway and crashed. He died shortly thereafter from injuries sustained in the accident. Accompanying him in the jeep were a friend and the decedent's 15-year-old son. They were carrying some hunting rifles in the jeep. The decedent's wife and daughter followed in another car.

Mrs. Powders testified that the decedent told his son that he could take certain guns and put them in the jeep, and that the decedent "took a blanket and wrapped the guns and put everything they needed in the jeep, in case they did get a chance to go hunting . . ."

There was testimony that the decedent had delivered cars at a distance from Denver on a few other occasions.

In several cases this court has employed the formula enunciated by Justice Cardozo in the case of *Marks' Dependents v. Gray,* 251 N.Y. 90, 167 N.E. 181, in determining whether a servant was injured in an accident arising out of and in the course of his master's business. *Aetna Casualty & Surety Co. v. Industrial Commission,* 110 Colo. 422, 135 P.2d 140; *Employers Liability Assurance Corp. v. Industrial Commission,* 147 Colo. 309, 363 P.2d 646; *Martin K. Eby Const. Co. v. Industrial Commission,* 151 Colo. 320, 377 P.2d 745.

"We do not say," Justice Cardozo explained, "that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that

the trip would have been made though the private errand had been canceled." We observe that the decedent was engaged in delivering the jeep; this was the purpose of his trip to Hot Sulphur Springs. To go hunting rose no higher than a contingent purpose. The present case falls within the language of Justice Cardozo except for this variation: the trip would have been made though there had been no contingent purpose.

■ "The test in brief," Judge Cardozo continued, "is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. . . . If, however, the work had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk."

Use may be made of the test in this case. Decedent had engaged to deliver the jeep, and in order to fulfill the engagement he was put to the necessity of travelling. In thus performing the undertaking he was acting in the course of his employment. His own contingent purpose had no part in creating the necessity for travel; it was only formed because of the primary necessity for travel.

■ A case dealing with a similar but more obscure factual situation than the present case is *National Sugar Mfg. Co. v. Bauer,* 148 Colo. 436, 366 P.2d 388. There we sustained the commission's findings, and because the present case contains stronger factual circumstances, there is greater reason for sustaining the commission's findings here.

Mr. Chief Justice Sutton and Mr. Justice McWilliams concur.