511 P.2d 921 (1973)
Arthur MARTINEZ, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado et al., Respondents.
No. 72-311.
Colorado Court of Appeals, Div. II.
May 15, 1973.
Rehearing Denied May 30, 1973.
Vernon P. Playton, Denver, for petitioner.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colo.
Zarlengo, Mott & Carlin, Albert E. Zarlengo, Jr., Denver, for respondents Boise Cascade Corp. and Employers Mutual Liability Ins. Co. of Wis.
Selected for Official Publication.
DWYER, Judge.
Claimant, Arthur Martinez, sustained an injury in an industrial accident which resulted in an amputation of claimant's hand at the wrist. The insurer-respondent admitted liability for permanent partial disability *922 consisting of loss of hand at the wrist. Claimant rejected the admission and alleged that in addition to the loss of the hand, he suffered permanent disability to his forearm for which he was entitled to compensation. The claim for additional compensation was ultimately denied by a final order of the Industrial Commission. We reverse.
At the hearing before a referee, claimant presented testimony of an orthopedic surgeon. The physician testified that claimant had a disability of 100% measured at the wrist, and an additional 20% disability of the arm measured at the elbow. He explained that the end result of the disarticulation of the hand was less than satisfactory, and that the claimant had a limitation of supination and pronation in the forearm. The referee found that the admission of liability was correct and awarded claimant the amount of scheduled compensation specified in C.R.S.1963, 81-12-4(1) (d), for "loss of hand at the wrist."
On petition for review of the referee's order, the Industrial Commission remanded the case to the referee for findings of fact. The referee, after review of the file, found that the "limitation of motion [in claimant's forearm] could either be caused by problems in the forearm, at the wrist, or at the elbow which occurred after the accident, but were not necessarily due to the accident." The referee adopted his previous order, as supplemented by the additional findings. The Commission, on review, entered its supplemental order which approved, affirmed, and adopted the referee's supplemental order.
The issue presented by the petition for review is whether the evidence supports the findings and order of the Commission. We agree with claimant's contention that the Commission's findings are unsupported by the evidence and that its order is contrary to the evidence. The testimony of the claimant and of the physicians who examined and treated claimant establishes that claimant suffered a permanent disability in his forearm. In his order, the referee recognized the existence of this "limitation of motion" but found that the problems in the forearm, which occurred after the accident, were not necessarily due to the accident. There is absolutely no evidence to support this finding. All of the evidence is to the contrary.
This court on review of a final order of the Commission, will not disturb findings of fact which are supported by the evidence. See Tillman v. Capitol Hill Transfer and Storage Co., 165 Colo. 514, 440 P.2d 152; Capital Chevrolet Co. v. Industrial Commission, 159 Colo. 156, 410 P. 2d 518; and Sharmar Nursing Home v. Industrial Commission, 160 Colo. 197, 416 P.2d 161. However, an order based on findings not supported by evidence will be reversed. Industrial Commission v. McIntyre, 162 Colo. 227, 425 P.2d 279. Since the findings upon which the Commission denied claimant compensation for the disability to his forearm are not supported by the evidence, the order of the Commission is reversed.
We recognize the rule stated in Hawkeye-Security Insurance Co. v. Tupper, 152 Colo. 12, 380 P.2d 31, that compensation for an amputation is limited to the specific amount provided in the statutory schedules for such permanent disability. An employee who suffers such an injury cannot receive additional compensation for disability measured as a working unit. Claimant, however, is not seeking compensation measured as a working unit, nor is he seeking additional compensation for the amputation; he is seeking compensation for a permanent disability suffered in addition to that resulting from the amputation.
The final order of the Commission is set aside and the cause remanded to the Commission for entry of an appropriate award upon further proceedings consistent with this opinion.
SILVERSTEIN, C. J., and COYTE, J., concur.