## No. C-1353

## American Metals Climax, Inc. and State Compensation Insurance Fund v. Tony E. Cisneros and Industrial Commission of Colorado

(576 P.2d 553)

Decided March 27, 1978.

164

Robert S. Ferguson, James A. May, William J. Baum, for petitioners.

Edward J. Scheunemann, for respondent Tony E. Cisneros.

J. D. MacFarlane, Attorney General, Timothy Arnold, Deputy, for respondent Industrial Commission of Colorado

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review *American Metals Climax, Inc. v. Cisneros,* 39 Colo. App. 559, 571 P.2d 315 (1977). We affirm the result

reached by the court of appeals.

In June 1972, the respondent Tony E. Cisneros suffered a work-related injury to his arm. The respondent was employed as an underground miner by American Metals Climax, Inc., hereinafter referred to as the petitioner. Chest x-rays taken at the time of his injury revealed early signs of silicosis[1] and caused the examining doctor to recommend that the respondent not be returned to underground mine work. Consequently, upon his return to work in August 1972, the petitioner assigned the respondent to janitorial duties.

Prior to the injury to his arm, the respondent had earned $4.49 per hour as an underground miner. During his convalescence, however, the miner's union and the petitioner negotiated a new contract which raised the miner's wage to $5.53 per hour. The janitor's position to which the respondent had been assigned paid only $4.42 per hour. Therefore, if the respondent had been permitted to return to his former position, he would have received a wage 17% greater than the janitor's wage.

The issues before us relate to the disability claim which the respondent filed under the Colorado Occupational Disease Disability Act,[2] section 8-60-101, *et seq.*, C.R.S. 1973, alleging that he had contracted silicosis. At the time his claim was filed, the respondent was forty-five years old and had worked as a miner most of his adult life. He had been employed by the petitioner as an underground miner from 1963 until June of 1972.

The Industrial Commission ultimately entered an award in the respondent's favor on November 18, 1976, and found:
"That because of the claimant's age, education, background, and past work experience, his affliction with silicosis arising out of and in the course of his employment and his resulting transfer to a lower paying job, the claimant has suffered a loss of earning capacity."
The commission concluded that the respondent had suffered a 17% permanent partial disability. The court of appeals affirmed on appeal.

The petitioner attacks the award and the court of appeals' decision on the grounds that (1) the evidence was insufficient to support the finding that the respondent had suffered a compensable disability as a result of an occupational disease; and (2) the court of appeals erred in holding that the respondent was not required to present evidence as to the factors enumerated in section 8-60-114(7), C.R.S. 1973, or to prove that no other work was available to the respondent in which he could earn a wage comparable

---

[1] Silicosis is an occupational disease that often afflicts persons engaged in underground mining as a result of continuous exposure to air containing uncombined silicon dioxide dust and is characterized by generalized nodular fibrotic changes throughout both lungs.

[2] The Colorado Occupational Disease Disability Act was repealed by Colo. Sess. Laws 1975, ch. 71, §62 at 311. Sections 8-40-101, *et seq.* and 8-50-101, *et seq.*, C.R.S. 1973 (1976 Supp.) are now applicable to occupational diseases.

to that he would have received as an underground miner.

I.

We have repeatedly declared that findings of fact made by the Industrial Commission, if supported by evidence or reasonable inference drawn therefrom, are binding upon review. *Womack v. Industrial Commission,* 168 Colo. 364, 451 P.2d 761 (1969); *Industrial Commission v. Bennett,* 166 Colo. 101, 441 P.2d 648 (1968); *Capital Chevrolet Co. v. Industrial Commission,* 159 Colo. 156, 410 P.2d 518 (1966); *Colorado Fuel and Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1963). In *Byouk v. Industrial Commission,* 106 Colo. 430, 105 P.2d 1087 (1940), we declared:

"In determining the extent or degree of disability of an injured workman upon the facts of each case, it is axiomatic that the Industrial Commission is vested with the widest possible discretion with the exercise of which the courts will not interfere. *Rio Grande Motorway v. De Merschman,* 100 Colo. 421, 68 P.(2d) 446; *Globe Indemnity Co. v. Industrial Commission,* 67 Colo. 526, 186 Pac. 522. Also the presumption exists that in making an award for disability . . . the commission considered and gave due weight to all the factors therein enumerated. . . ." Appellate courts will not weigh the evidence nor substitute their judgment for that of the commission on findings of fact.

A review of the record in this case causes us to conclude that permanent partial disability was established by the opinions of medical experts, the respondent's employment history, and the petitioner's transfer of the respondent to a job as a janitor. The assignment of the respondent to the position of janitor was evidence of petitioner's evaluation of his qualifications to work within the company. Work as a janitor provided a better work environment for the respondent and was competent evidence of the limited qualifications, industrial disability, and the lost earning capacity of the respondent. There is sufficient evidence in the record to support the commission's finding that the respondent suffered a 17% permanent partial disability as a result of silicosis. The commission's findings, therefore, will not be disturbed.

A compensable disability under the statute requires a finding that the claimant has suffered an industrial disability or a loss of earning capacity. *New Jersey Zinc Co. v. Industrial Commission,* 165 Colo. 482, 440 P.2d 284 (1968); *Simpson and Company v. Wheeler,* 153 Colo. 480, 386 P.2d 976 (1963); *Byouk v. Industrial Commission, supra.* The commission determined that the respondent had suffered a loss of earning capacity as a result of his affliction with occupational silicosis and his transfer to a lower paying job. Impaired earning capacity, as it relates to the kind of work in which the claimant was employed when he became disabled, while not the only relevant factor, is pertinent in the determination of the extent of a claimant's disability. *Byouk v. Industrial Commission,*

*supra; Rio Grande Motorway v. De Merschman,* 100 Colo. 421, 68 P.2d 446 (1937). The commission did not abuse its discretion in this case when it determined that the percentage decrease in the respondent's wage was the proper measure of the extent of his disability. *Byouk v. Industrial Commission, supra; Rio Grande Motorway v. De Merschman, supra.*

## II.

In its second argument, the petitioner contends that the award must be reversed because the respondent failed to present any evidence concerning the factors enumerated in section 8-60-114(7), C.R.S. 1973. Reliance is placed upon our decision in *Colorado Fuel and Iron Corp. v. Industrial Commission, supra,* wherein we declared:

"It is the express mandate of the statute that the commission take 'into consideration not only the manifest weight of the evidence, but the general physical condition and mental training, ability, former employment and education of the injured employee.' The sense of our decisions is that the degree of disability cannot be measured by physical condition alone, but the injured man's age, his industrial history, his mentality, his education, and the availability of that type of work which he can do must be taken into consideration. . . ."

The petitioner argues that the commission could not have considered the enumerated factors, since the respondent failed to present any evidence as to his mental training, ability, or education. Absent such evidence, the petitioner contends that the respondent failed to satisfy his burden of proof.

The petitioner misinterprets our earlier decisions and misconstrues the statute. Section 8-60-114(7), C.R.S. 1973, does not establish the elements of a compensable disability claim. The statute sets forth certain factors which the commission must consider if evidence as to those factors is presented. The statutory factors are not exclusive, but are merely illustrative of the types of evidence which are relevant to the issues before the commission.

In a given case, the commission may conclude that insufficient evidence exists from which it can determine the existence or the extent of an alleged disability. In such case, the commission must dismiss the claim because of the insufficiency of the evidence. It is important to note, however, that lack of evidence as to any of the statutory factors does not automatically mandate the dismissal of an employee's claim. If the commission can reasonably conclude from the evidence that the claimant has suffered a compensable disability and can also reasonably determine the extent of that disability, as it did in the case at bar, an award is justified and will be upheld on appeal.

Our construction of the statute in this case is closely tied to the burden of proof in disability compensation cases. It is well established that the burden of proof rests upon the claimant to establish that he has suffered a compensable disability within the meaning of the statute. *Breit v.*

*Industrial Commission*, 160 Colo. 205, 415 P.2d 858 (1966); *Denver Symphony Association v. Industrial Commission*, 34 Colo. App. 343, 526 P.2d 685 (1974). The evidence presented by the claimant must be sufficient to establish the existence of the disability and also permit the commission to reasonably determine the extent of the disability. The employer, nonetheless, is entitled to present evidence, including evidence concerning the statutorily enumerated factors, in an effort to rebut the claimant's evidence or to establish that the claim lacks merit. When such evidence is submitted, the statute mandates that the commission consider it in the exercise of its judgment in determining the case.

■ The petitioner's contention that the respondent had the burden of proving that he was not capable of earning a wage in the general labor market at least equal to that paid for underground miners can also be answered in the context of burden of proof. A review of the statute reveals that the claimant is only required to establish the existence and the extent of an alleged disability. No statutory or case authority exists to support the contention that a claimant must prove that other work for which he is qualified, and which pays a comparable wage to his previous position, is not available.

■ Evidence relating to the availability of work for the claimant, based upon his qualifications, is, of course, relevant to prove the existence and the extent of any alleged disability. We conclude, nonetheless, that evidence of the availability of work is merely an additional factor which the commission must consider in reaching its decision if such evidence is in fact submitted. The claimant may choose to submit evidence as to the lack of available jobs for which he is qualified as part of his case in chief, or the employer may use the availability of jobs as evidence to rebut the existence or the extent of the claimant's disability.

■ The crucial consideration is that the claimant bears and must satisfy the burden of proving that he has suffered a compensable disability within the meaning of the statute. Relevant evidence as to any factor, regardless of whether it is specified by statute, must be considered by the commission in making its determination and award.

The commission fulfilled its duty in this case.

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.