SOUTHWEST INVESTMENT COMPA-
NY and Reliance Insurance
Company, Petitioners,

v.

INDUSTRIAL COMMISSION OF COLO-
RADO; Charles McGrath, Director Department of Labor and Employment, Division of Labor, State of Colorado, and
Randall W. Braun, Respondents.

No. 82CA0278.

Colorado Court of Appeals,
Div. II.

Aug. 19, 1982.

Ellison, Ward & McCrea, Joann G. Ward, Denver, for petitioners.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Levis, Asst. Atty. Gen., Denver, for respondents.

VAN CISE, Judge.

Petitioners, Southwest Investment Company (the employer) and Reliance Insurance Company, seek review of the final order of the Industrial Commission awarding claimant, Randall W. Braun, workers' compensation benefits for permanent partial disability of 13% as a working unit. We affirm.

In October 1978, claimant sustained an injury to his back within the course of his employment. In an unappealed order entered in November 1979, the referee found the injury compensable and directed the employer to pay claimant's medical expenses. The order also found that claimant did not lose time from work on account of the injury. The matter of permanent disability was left open for future determination.

Claimant underwent a lumbar laminectomy for removal of herniated discs in February 1980. In July of that year, he was released to return to work. The employer denied claimant's request for vocational rehabilitation services and, thereafter, hearings were held on that issue and on the issue of permanent partial disability.

Claimant's evidence disclosed that he was earning $1,195 per month as a draftsman-technician at the time of his injury. In December 1978 he was terminated by the employer, but was able to obtain employment commencing the following month doing essentially the same work. At the time of the hearing in September 1980, he was earning $1,040 per month.

The neurosurgeon who performed the laminectomy testified that claimant had been released with the restriction that he was not to do any excessively heavy lifting. The doctor stated that claimant, in all likelihood, would continue to experience a certain amount of pain, and opined that he had sustained a permanent medical disability of 5%.

A vocational consultant evaluated claimant on behalf of petitioners. The consultant was of the opinion that claimant was not an appropriate candidate for vocational rehabilitation inasmuch as he was employed full-time in a job for which he had the necessary skills, and his employer was making job modifications so that his physical limitations were not exceeded.

The supplemental order of the referee, entered in August 1981, found that claimant was 13% permanently partially disabled based on the reduced amount he was able to earn after the injury as compared with his earnings beforehand. However, claimant was found to be ineligible for vocational rehabilitation services under § 8–49–101(4), C.R.S. 1973 (1981 Cum. Supp.). This order was adopted and affirmed as the final order of the Commission.

Petitioners contend the evidence does not support the Commission's finding that claimant was earning less salary after his injury than he was before. We disagree.

■ Here, the undisputed evidence disclosed that at the time of the injury claimant's earnings were greater than at the time of the hearing. The Commission's findings in this regard are therefore conclusive on review. *American Metals Climax, Inc. v. Cisneros*, 195 Colo. 163, 576 P.2d 553 (1978).

■ Petitioners contend that the evidence did not present a factual situation where the measure of permanent disability should be based on loss of earning capacity. We disagree.

"In determining the extent or degree of disability of an injured workman upon the facts of each case, it is axiomatic that the Industrial Commission is vested with the

widest possible discretion with the exercise of which the courts will not interfere." *Byouk v. Industrial Commission,* 106 Colo. 430, 105 P.2d 1087 (1940).

Here, the Commission found claimant's earning ability was $155 per month less after his injury, which represented a 13% loss of earning capacity. It further found, on supporting evidence, that most of the duties and requirements of claimant's position of engineering-technician were the same as those in the job he held prior to his injury. However, his current employer was required to pick and choose his assignments in order to accommodate his physical limitations. As a result, claimant had sustained an impairment of earning capacity which exceeded his medical impairment. On the other hand, there is no evidence in the record to support petitioners' argument that claimant's lower earnings after the accident were the result of working for a different company, in a different location, and under different economic conditions.

The order of the Commission discloses that the factors set forth in § 8–51–108(1)(b), C.R.S. 1973 (1981 Cum. Supp.), were considered in determining the extent of claimant's permanent partial disability. Consideration of those pertinent factors justified an award which was different from the percentage of disability established by the medical evidence. *Employers Mutual of Wausau v. Eidson,* 646 P.2d 959 (Colo. App. 1982). Hence, the Commission did not abuse its discretion when it determined that the percentage decrease in the claimant's wages was the proper measure of the extent of his disability. *American Metals v. Cisneros, supra.*

Finally, petitioners contend the Commission's finding that claimant is not eligible for vocational rehabilitation benefits is inconsistent with its award of permanent partial disability benefits. Again, we do not agree.

Insofar as pertinent here, § 8–49–101(4), C.R.S. 1973 (1981 Cum. Supp.), provides that an employee is entitled to vocational rehabilitation services when, as a result of his injury, "he is unable to perform work for which he has previous training or experience."

Industrial Commission Rule II(f), 7 Code Colo. Reg. 1101–3 at 15, promulgated to effectuate the above statute, provides that a qualified worker for such benefits is one "whose injury ... permanently preclude[s] the employee from both engaging in his ... usual and customary occupation and preclude[s] the employee from the performance of work for which he ... has previous training or experience, as determined by competent medical evidence and opinion...."

The Commission found from the medical evidence that the residual effects of claimant's injury did not preclude him permanently from returning to work for which he had previous training and experience, but left him physically impaired to the extent that his employer had to accommodate those limitations. These are questions of fact. As such, the Commission's resolution of them, if supported by substantial evidence, is binding upon this court. *Sena v. World of Sleep, Inc.,* 173 Colo. 348, 478 P.2d 671 (1970); *Timberline Saw Mill & Lumber, Inc. v. Industrial Commission,* 624 P.2d 367 (Colo. App. 1981). The testimony of claimant's physician constituted substantial evidence in support of the Commission's conclusion that claimant did not qualify for vocational rehabilitation services. We find no inconsistency in the denial of such benefits and the award of permanent partial disability benefits measured by the extent of claimant's loss of earning capacity.

Order affirmed.

SMITH and STERNBERG, JJ., concur.