In the Matter of the Claim of Bryce K. HENRICKS (Deceased).

Joan E. HENRICKS, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO, an agency of the State of Colorado; Charles McGrath, Director of the Division of Labor; State Compensation Insurance Fund; and Tops Unlimited, Inc., Respondents.

No. 83CA0241.

Colorado Court of Appeals, Div. III.

Sept. 1, 1983.

Rehearing Denied Sept. 29, 1983.

Certiorari Denied Jan. 30, 1984.

Welborn, Dufford & Brown, William A. McLain, Gregory A. Ruegsegger, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. For-

man, Sp. Asst. Atty. Gen., Alice L. Parker, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Charles McGrath, Director of the Div. of Labor.

William J. Baum, Richard G. Fisher, Jr., Kathleen W. Robinson, Denver, for respondents State Compensation Ins. Fund and Tops Unlimited, Inc.

STERNBERG, Judge.

Claimant, the widow of Bryce K. Henricks (decedent), seeks review of a final order of the Industrial Commission issued following our decision in *Henricks v. Industrial Commission,* (No. 82CA0514, announced November 12, 1982) (not selected for official publication), which set aside the prior final order of the Commission and remanded for additional findings. We affirm.

Decedent was 59 years old at the time of his death, had a history of rheumatic heart disease, and had been diagnosed as having coronary artery disease. He was employed by Tops Unlimited, Inc., as a dock foreman, and supervised the truck drivers and the shipping-cartoning department. His supervisor requested that he go to a loft and bring down some cardboard cartoning material. He was later discovered in the loft, slumped down against the material, having suffered a fatal heart attack.

On remand, the Commission denied the widow's claim for dependency and funeral benefits in connection with decedent's heart attack, finding, in reliance on the referee's findings of fact, that even if decedent was engaged in the unusual duty of moving carton materials, the exertion involved in such activity was less than in the performance of his normal duties. Accordingly, the Commission concluded that decedent's heart attack was not proximately caused by unusual exertion arising out of and in the course of employment. *See* § 8–41–108(2.5), C.R.S.1973 (1982 Cum. Supp.).

Aside from attacking the sufficiency of the evidence, the thrust of claimant's argu-

ment on review is that the performance of unusual duties connotes unusual exertion. We do not find the two to be equivalent.

■ Unusual duties may require more, or less, or the same exertion as do the normal duties of an employee. And, it is incumbent upon the claimant to prove unusual exertion in the performance of his duties. *See Blood v. Industrial Commission*, 165 Colo. 532, 440 P.2d 775 (1968).

■ The Commission's findings are supported by substantial evidence in the record, *see American Metals Climax, Inc. v. Cisneros*, 195 Colo. 163, 576 P.2d 553 (1978), and are in accord with governing case law. *See City & County of Denver v. Industrial Commission*, 195 Colo. 431, 579 P.2d 80 (1978). Consequently, the findings are binding on review.

Order affirmed.

TURSI and BABCOCK, JJ., concur.