In the Matter of the Claim of Josephine D. GILLIATT, Petitioner,

v.

The INDUSTRIAL COMMISSION OF COLORADO, Steiner Corporation, and Commercial Union Insurance Company, Respondents.

No. 83CA0644.

Colorado Court of Appeals, Div. II.

Dec. 22, 1983.

Rehearing Denied Feb. 2, 1984.

Certiorari Denied May 21, 1984.

Mellman & Thorn, P.C., Gerald N. Mellman, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn Aragon, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.

James R. Clifton & Associates, P.C., James R. Clifton, Denver, for respondents Steiner Corp. and Commercial Union Ins. Co.

KELLY, Judge.

Claimant seeks review of a final order of the Industrial Commission which awarded her permanent partial disability of 6 percent as a working unit under § 8–51–108(1)(b), C.R.S.1973 (1982 Cum.Supp.). She contends that the Commission erred in reversing the referee's determination that she suffered disability of 17.7 percent as a working unit. We affirm.

Claimant was a "clothes sorter" at the employer's uniform service. Her duties included carrying 60-pound clothing bundles and pushing heavy carts. In January 1981 claimant fell and fractured her hip, and the employer admitted liability for the injury. Claimant briefly returned to work in June 1981 at the rate of $4.07 an hour, but was unable to continue.

The employer hired a vocational rehabilitation vendor to assist claimant in finding a new job. The vendor referred claimant to various positions but claimant failed to obtain work. In September 1981 claimant began industrial sewing classes of her own accord. The classes were continuing at the time of the last hearing in February 1982.

Two medical disability ratings were included in the record. The treating physician, in a report dated May 30, 1981, stated that there was 10 percent disability measured at the left hip. A second physician examined claimant, and in an August 4, 1981, report, stated that claimant was capable of doing "some kind of work" but not her old job. He concluded that she had. permanent disability of 6 percent as a working unit.

The referee found, based on the "aggregate lay and vocational rehabilitation evidence," that claimant's age, experience, ·and 6 percent medical impairment precluded her from earning anything but the minimum wage. The referee noted that the minimum wage was $3.35 per hour, and this represented a 17.7 percent decline in earnings from the $4.07 claimant earned in June 1981. The referee further found that this "objectively ascertained wage loss" was the best "indicator" of industrial disability and, therefore, awarded permanent partial disability of 17.7 percent as a working unit.

The Commission affirmed the referee, except for two findings. It concluded that the referee "went against the weight of the evidence" and engaged in speculation when he found that claimant could earn only the minimum wage. Therefore, the Commission rejected the referee's conclusion that wage differential was the proper basis for awarding permanent disability. The Commission then found that the 6 percent rating given by the examining physician was the best basis for awarding permanent disability and it entered its order accordingly.

■ Claimant first contends that the Commission erred in rejecting the referee's finding that claimant could earn only the minimum wage. She argues that the finding was supported by evidence concerning her age, limited work experience, and physical limitations.

Because the Commission's final order was entered on May 26, 1983, its fact-finding authority was restricted by § 8–53–106(2)(b), C.R.S.1973 (1982 Cum.Supp.). *R & R Well Service Co. v. Industrial Commission,* 658 P.2d 1389 (Colo.App.1983). The statute provides that:

"The findings of evidentiary fact, as distinguished from ultimate conclusions of fact, made by the ... referee shall not be set aside by the Commission on review of the ... referee's decision unless the findings of evidentiary fact are contrary to the weight of the evidence."

Applying this statute, we have held that an "evidentiary fact" forms the basis for an "ultimate fact," but does not "involve a conclusion of law, or at least a determination of a mixed question of law and fact." *Krumback v. Dow Chemical Co.,* 676 P.2d 1215 (Colo.App.1983). Further, an evidentiary fact is not "contrary to the weight of the evidence" unless the finding is "not supported by a preponderance of the evidence." *Fort Logan Mental Health Center v. Industrial Commission,* 665 P.2d 139 (Colo.App.1983) (*cert. granted* June 20, 1983).

The referee's finding that claimant could earn only a minimum wage was one of evidentiary fact. This finding did not itself involve the ultimate legal question of claimant's industrial disability. *See* § 8–51–108(1)(b). Consequently, the Commission could not reject the finding if it was supported by a preponderance of the evidence.

However, we agree with the Commission that the evidence did not support the referee's finding. Although claimant showed ample evidence of lost earning capacity resulting from the industrial accident, the record is devoid of evidence tying the lost capacity to the minimum wage. In fact, the only direct evidence concerning post-injury wage capacity was from a rehabilitation counselor who estimated claimant could earn from $3.60 to $5.00 per hour.

■ Wage differential may constitute the basis for an award of permanent partial disability. *See Southwest Investment Co. v. Industrial Commission,* 650 P.2d 1355 (Colo.App.1982). However, there must be competent evidence showing actual wage reduction, or evidence reasonably relating claimant's circumstances to a particular wage level. Such evidence was missing here, and consequently, the referee engaged in speculation.

■ Claimant next contends that the Commission erred in reducing the percentage of disability from 17.7 percent to 6 percent. She argues that the Commission placed undue weight on a medical rating and ignored the referee's findings concerning claimant's age, experience, and physical condition.

Generally, the final disability rating assigned a claimant is an "ultimate conclusion" within the meaning of § 8–53–106(2)(b). *R & R Well Service Co. v. Industrial Commission, supra.* Therefore, the Commission is free to reject the referee's rating and reach its own conclusion concerning the percentage of disability.

■ Here, the Commission affirmed the referee's findings, except for the finding concerning the minimum wage. Further, it stated that it considered the factors contained in § 8–51–108(1)(b). Thus, the Commission considered the relevant statutory factors and did not place undue weight on one factor. *R & R Well Service Co. v. Industrial Commission, supra.*

■ Further, the Commission has wide discretion in determining the degree of disability, and we are not free to substitute our judgment in this regard. *American Metals Climax, Inc. v. Cisneros,* 195 Colo. 163, 576 P.2d 553 (1978). The Commission determined that the doctor's rating best reflected the claimant's industrial disability, and we perceive no abuse in that finding. *See Dravo Corp. v. Industrial Commission,* 40 Colo.App. 57, 569 P.2d 345 (1977).

Order affirmed.

SMITH and VAN CISE, JJ., concur.