Roger Alan JONES, Petitioner and Cross-Respondent,

v.

ADOLPH COORS COMPANY, Respondent and Cross-Petitioner,

v.

DIRECTOR, DIVISION OF LABOR, and The Industrial Commission of the State of Colorado, Respondents.

No. 83CA1043.

Colorado Court of Appeals, Div. I.

May 3, 1984.

Rehearing Denied May 31, 1984.

Certiorari Denied Sept. 24, 1984.

Richard T. Goold, Denver, for petitioner and cross-respondent.

John V. Fitz Simons, Golden, for respondent and cross-petitioner Adolph Coors Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa Taylor, Asst. Atty. Gen., Denver, for respondents Director, Div. of Labor, and Indus. Comn.

PIERCE, Judge.

In this workmen's compensation case, claimant, Roger Jones, seeks review of the final order of the Industrial Commission denying him vocational rehabilitation benefits and awarding him a 20 percent scheduled disability of the leg at the knee. *See* § 8–51–104(1)(x), C.R.S. Adolph Coors Company (employer) seeks review of the Commission's assessment of penalty against it for failure timely to admit or deny liability as provided in § 8–53–102, C.R.S. (1983 Cum.Supp.). We affirm in part and set aside in part.

Claimant was employed by Coors as a shell press operator earning $8.35 per hour when he aggravated a pre-existing knee condition sustained in the army. His job required him to stand for substantial periods of time and included considerable lifting. Sometime during 1978 he began to suffer increasing pain, swelling, and lack of mobility in his knee and notified his supervisor. He sought medical attention from the Coors' dispensary, but was referred to the Veteran's Administration Hospital where he underwent knee surgery in July 1979.

Claimant's treating orthopedic surgeon submitted a post-operative report to Coors in August 1979, in which he included the history of claimant's knee injury and recent worsening of symptoms. In addition he stated: "[Claimant's] work for Coors involves standing on his feet for 8½ hour shifts each work day. There is a clear cut relationship between activity on his legs and his knee complaints."

In September 1979 claimant returned to work and was given "light duty" at his previous salary. After bidding on numerous other jobs that would have been less demanding on his knee, in June 1980 claimant transferred to tool crib attendant at the rate of $5.90 per hour.

At the hearing on his workmen's compensation claim, claimant testified that he had a high school education, and had prior work experience as a mechanic and truck driver. He was taking computer and math courses at a community college paid for under a

VA rehabilitation program. He further testified that subsequent to his knee surgery, his service connected disability had been increased from 50 to 70 percent.

Claimant's physician testified in response to a question regarding the extent of permanent disability attributable to claimant's work at Coors:

"I couldn't do justice to that request without a chance, number one, to think that over, and, number two, to refresh myself with the guide books that you are well aware of, and that most of us have access to, giving numbers as a generalization. I think the majority of [claimant's] knee problem clearly relates to his original injury."

In concluding that claimant was not entitled to vocational rehabilitation benefits, the referee found that claimant's current job duties were within his training and experience. Although not stated in the findings of fact, the referee apparently relied on the increase in claimant's VA disability as a basis for concluding that claimant was entitled to permanent partial disability benefits of 20 percent of the leg at the knee.

After remand by the Commission, a second referee concluded that the doctor's post-operative report submitted by the treating physician was adequate notice of a disabling injury, sufficient to trigger the employer's compliance with the requirement to either admit or deny liability pursuant to § 8–53–102(1) C.R.S. A penalty was therefore assessed. The Commission affirmed both referees' decisions.

## I.

Claimant first contends that the Commission's finding that he had previous experience or training for his job as tool crib attendant is not supported by the evidence. Specifically, he argues that he has never before been employed or trained as a tool crib attendant and is qualified for vocational rehabilitation under the plain meaning of § 8–49–101(4), C.R.S. (1983 Cum.Supp.). We disagree.

The extent to which a claimant has been trained for a particular job, job skill, or acquired experience, while performing such job-related tasks is a question of fact and claimant has the burden of establishing his right to benefits. *Southwest Investment Co. v. Industrial Commission,* 650 P.2d 1355 (Colo.App.1982); *see Matthews v. Industrial Commission,* 627 P.2d 1123 (Colo.App.1980).

Here, the claimant has not met this burden. When asked about his training and experience, claimant provided only general job titles without describing the duties, responsibilities, or services involved in each job. Thus, the Commission's conclusion that claimant had experience and training for the tool crib attendant position is not refuted by the record, and it is therefore binding on review. *Southwest Investment Co. v. Industrial Commission, supra.*

## II.

Claimant next contends that the Commission erred in assessing his permanent partial disability. We agree.

In assessing a scheduled disability, the Commission may consider only medical impairment. *World of Sleep, Inc. v. Davis,* 188 Colo. 443, 536 P.2d 34 (1975). Here, the referee concluded that: "[T]he only reliable medical evidence that can be considered in this case establishes that claimant's leg is 70 percent impaired at the knee ... 20 percent of the 70 percent impairment ... is related to his work at Coors." The record is devoid of any medical evidence to support this conclusion. Thus, it cannot stand. *See Martinez v. Industrial Commission,* 32 Colo.App. 270, 511 P.2d 921 (1973); *Colorado Fuel and Iron Corp. v. Rhodes,* 166 Colo. 82, 441 P.2d 652 (1968).

The doctor specifically declined to assign a percentage to the degree of disability related to claimant's job. The only evidence that can purport to show any apportionment is the doctor's testimony that the majority of the disability was related to the pre-existing injury, and claimant's testi-

mony that his service-connected disability rating had been increased 20 percent after his surgery. While we note that the considerations outlined for determining a VA disability rating are indeed medical considerations, claimant's testimony does not suffice to establish that the work-related injury aggravated the impairment of his leg by 20 percent. *See* 38 C.F.R. § 4.45. Therefore, the Commission was without a basis for its determination of the amount of permanent partial disability, and that portion of its order is set aside and remanded for further consideration under proper criteria.

We have considered the claimant's remaining assignments of error regarding certain findings of fact and conclude the same were not dispositive of the issues herein.

### III.

Coors contends that the report submitted by the treating physician did not constitute notification of a work-related injury sufficient to require its compliance with § 8–53–102(1), to either admit or deny liability. Thus, according to Coors, the Commission erred in assessing a penalty. We do not agree.

Section 8–45–102(1), C.R.S. (1983 Cum. Supp.) requires an employee who sustains an accidental injury to notify his employer of the occurrence. Such notification may be accomplished through a third party. The employer must then file a written admission or denial of liability with the Division of Labor within twenty-five days after notification of injury. Failure to do so results in the assessment of a mandatory penalty. *See* §§ 8–53–102(1) and 8–53–102(2), C.R.S. (1983 Cum.Supp.); *Melnick v. Industrial Commission*, 656 P.2d 1318 (Colo.App.1982).

■ An employer is deemed notified of an injury when he has "some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim." *See* 3 *A. Larson, Workmen's Compensation Law* § 78.31(a) at

15–105 (1983). Also, verbal notice to a company superintendent has been held sufficient to inform an employer of an injury. *See Frank v. Industrial Commission*, 96 Colo. 364, 43 P.2d 158 (1935).

■ Here, prior to his surgery, claimant informed both his supervisor and company physician that the prolonged standing and lifting were causing him pain and stiffness. Under these circumstances, the doctor's report was sufficient to apprise Coors that claimant's pre-existing condition had been aggravated by his work and that a compensable injury might result.

The Commission's denial of vocational rehabilitation benefits to claimant and its assessment of a penalty against Coors are affirmed. The order is set aside and the cause is remanded with directions for a redetermination of claimant's permanent disability in a manner consistent with this opinion.

STERNBERG and BABCOCK, JJ., concur.