**GOLDEN AGE MANOR and Ranger Insurance Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado; Director, Department of Labor and Employment, Division of Labor, State of Colorado; and Eddie Franklin, Respondents.**

No. 85CA0320.

Colorado Court of Appeals,
Div. II.

Nov. 21, 1985.

Rehearing Denied Dec. 26, 1985.

Certiorari Denied (Golden Age Manor)
March 17, 1986.

Blackman & Levine, Lawrence D. Blackman, Denver, for petitioners.

Donald J. Fisher, Jr., Denver, for respondent Eddie Franklin.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Dept. of Labor and Employment.

VAN CISE, Judge.

Golden Age Manor (employer) and its insurer, Ranger Insurance Company, seek review of a final order of the Industrial Commission. They contend that the Commission exceeded its fact-finding authority under § 8–53–111(7), C.R.S. (1985 Cum. Supp.) when it reversed a referee's order. We affirm.

Eddie Franklin (claimant) was a dishwasher for the employer. On May 17, 1982, she suffered an industrial accident when she stepped into a drain. The employer admitted liability for temporary total disability commencing May 18, 1982.

Claimant's treating physician diagnosed her injury as a lumbosacral strain and treated her with medication, a lumbosacral corset, physical therapy, and bed rest. Claimant apparently gained some relief from the treatments but, according to her doctor, did not show significant improvement after July 7, 1982. Consequently, on August 23, 1982, the physician issued a written opinion stating that he had no further treatment recommendations and giving claimant a disability rating of 4 percent as a working unit. The doctor subsequently stated that the rating was based on claimant's reported back pain rather than purely objective findings.

Based on the physician's report, the employer concluded that claimant had reached maximum medical improvement and issued a "final payment notice" on November 10, 1982. The purpose of the notice was to terminate claimant's temporary total disability payments.

Claimant filed a timely protest and a hearing was held on June 7, 1983. Claimant testified that she was still suffering debilitating back pain and could not work as a dishwasher, or in her previous job as a nurse's aid.

In a deposition admitted into evidence, claimant's physician opined that claimant had reached maximum medical improvement on July 7, 1982. Nevertheless, the doctor reiterated his opinion, first rendered in September 1982, that claimant might benefit from treatment at a pain clinic. The doctor thought that such treatment could be beneficial because he believed claimant was sincere in reporting chronic back pain.

The opinion that claimant should be referred to a pain clinic was echoed by a second physician. This recommendation was given in November 1982 but was not accepted by the employer.

Based on the foregoing, the referee found that claimant reached maximum medical improvement on July 7, 1982, and that she suffered permanent partial disability of 4 percent as a working unit. The referee also denied the claim for vocational rehabilitation, stating that claimant had failed to "prove she is unable to return to work for which she has prior training and experience." However, the referee went on to find that claimant was still entitled to medical benefits, and should be referred to a pain clinic if her physician persisted in that recommendation.

On review of the referee's order, the Commission found that the referee had erred in concluding that claimant had reached maximum medical improvement. Specifically, the Commission held that the referee's statement that claimant was entitled to pain clinic treatment, if the doctor continued the recommendation, was inconsistent with a finding of maximum medical improvement. Consequently, the Commission set aside the referee's order and remanded the case to determine whether pain clinic treatment was still recommended.

The Commission went on to set aside the permanent disability order and the ref-

eree's denial of vocational rehabilitation. It held that determination of these issues was premature since the date of maximum medical improvement was undetermined. Therefore, it reinstated claimant's temporary total disability payments.

## I.

The employer first contends that the Commission exceeded its fact finding authority under § 8–53–111(7), C.R.S. (1985 Cum.Supp.) by reversing the referee's finding that claimant reached maximum medical improvement on July 7. The employer argues that the referee's finding was one of evidentiary fact which was supported by substantial evidence and, therefore, was not subject to alteration by the Commission. We reject this argument.

█ Section 8–53–111(7) provides that the hearing officer's findings of "evidentiary fact" may not be altered by the Commission if supported by substantial evidence; however, that statutory provision does not preclude the Commission from altering "ultimate facts." *See Baca v. Helm,* 682 P.2d 474 (Colo.1984); *F.R. Orr Construction v. Rinta,* —— P.2d —— (Colo.App. Nos. 84CA1092, 84CA1096, September 26, 1985). Thus, the question presented is whether a finding of "maximum medical improvement" is an evidentiary fact or an ultimate fact.

Ultimate facts, as opposed to evidentiary facts, involve a conclusion of law, or determination of a mixed question of law and fact, and settle the rights and liabilities of the parties. *Baca v. Helm, supra; In re Claim of Gilliatt v. Industrial Commission,* 680 P.2d 1310 (Colo.App.1983). Evidentiary facts are the building blocks of ultimate facts, but do not involve an application of the "controlling legal standard." *Krumback v. Dow Chemical Co.,* 676 P.2d 1215 (Colo.App.1983).

Applying these principles, we conclude that a finding of "maximum medical improvement" is an ultimate fact. First, a finding of maximum medical improvement determines rights and liabilities of the parties. Following this determination, the claimant's right to temporary benefits ends, and the degree of permanent disability must be ascertained. *See Collins v. Industrial Commission,* 676 P.2d 1270 (Colo.App.1984).

Further, maximum medical improvement is a controlling legal standard. Maximum medical improvement exists when the "underlying condition causing the disability has become stable and ... nothing further in the way of treatment will improve that condition." 2 A. Larson, *Workmen's Compensation Law* § 57.12 (1983). To reach a finding of maximum medical improvement, the fact finder must determine the evidentiary facts concerning claimant's condition and apply them to the legal standard.

█ Thus, the Commission acted within its fact-finding authority when it set aside the referee's finding of maximum medical improvement and remanded for additional evidence. Further, we are bound by the Commission's order if it is supported by substantial evidence in the record. Section 8–53–120, C.R.S. (1985 Cum.Supp.).

█ Here, the claimant's physician opined that claimant might benefit from pain clinic treatment, even though he could do nothing more for her. Although there was uncertainty concerning whether the pain clinic recommendation was still effective, this evidence supports the Commission's conclusions and order of remand. *See Dziewior v. Michigan General Corp.,* 672 P.2d 1026 (Colo.App.1983).

The employer's argument that the Commission necessarily reversed the referee's evidentiary findings concerning claimant's physical condition is without merit. The referee himself found that claimant should receive pain clinic treatment.

## II.

█ The employer also argues that the Commission exceeded its authority in setting aside the referee's denial of vocational rehabilitation and assessment of a 4 percent working unit disability. However, the Commission correctly held that determina-

tion of these issues is premature where, as here, claimant may receive additional remedial treatment. *Dziewior v. Michigan General Corp., supra.*

Order affirmed.

SMITH and STERNBERG, JJ., concur.