**GENERAL IRON WORKS and Glendale Insurance Company, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF The STATE OF COLORADO, Subsequent Injury Fund of Colorado, and George Konrade, Respondents.**

### No. 84CA1364.

Colorado Court of Appeals, Div. III.

Dec. 26, 1985.

Rehearing Denied Feb. 13, 1986.

Certiorari Denied May 5, 1986.

Glasman, Jaynes & Carpenter, Ronald C. Jaynes, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Timothy R. Arnold, Asst. Atty. Gen., Denver, for respondents Indus. Com'n of the State of Colo. and Subsequent Injury Fund of Colo.

Ralph B. Rhodes, Denver, for respondent George Konrade.

TURSI, Judge.

Petitioners, General Iron Works and Glendale Insurance Company, seek review of a final order of the Industrial Commission which held them solely liable for the permanent total disability benefits payable to claimant, George Konrade, and denied them contribution from the Subsequent Injury Fund. We affirm.

At all times pertinent hereto, claimant was employed by General Iron Works. In 1965 he suffered an injury to his lower back. This injury resulted in a lumbar disk excision in 1965 and a lumbosacral fusion in 1967. He also suffered a minor scheduled injury to his little finger. Although the claimant was awarded ten percent permanent partial disability and suffered discomfort from the earlier injuries, he continued to perform the full requirements of his job.

On April 18, 1980, claimant suffered a neck injury during the course of his employment. As a result of this injury, claimant was unable to return to work.

After a hearing on claimant's condition, the hearing officer held that claimant was permanently and totally disabled from further gainful employment as the result of the 1980 industrial accident. The hearing officer also denied petitioners' request for contribution from the Subsequent Injury Fund. The findings and conclusions of the hearing officer were upheld and adopted by the Commission.

On review, petitioners do not contest the finding of permanent total disability but argue that the Commission erred in precluding the Subsequent Injury Fund from paying any portion of claimant's permanent total disability benefits. We disagree.

Petitioners correctly contend that the purpose of the Subsequent Injury Fund is to provide added opportunities for employment to partially disabled workers. *See City & County of Denver v. Industrial Commission*, 690 P.2d 199 (Colo.1984); *Horizon Land Corp. v. Industrial Commission*, 34 Colo.App. 178, 524 P.2d 638 (1974). However, here, the dispositive factual determination to be made regarding potential contribution from the Subsequent Injury Fund is whether the claimant's permanent and total industrial disability is solely the result of the 1980 neck injury. *See Byouk v. Industrial Commission*, 106 Colo. 430, 105 P.2d 1087 (1940).

Section 8–51–106(1)(a), C.R.S. (1985 Cum. Supp.), provides:

"In a case where an employee has *previously sustained permanent partial industrial disability* and *in a subsequent injury sustains additional permanent partial industrial disability* and it is shown that the *combined industrial disabilities* render the employee permanently and totally incapable of steady gainful employment ... then the employer in whose employ the employee sustained such subsequent injury shall be liable only for that portion of the employee's industrial disability attributable to said subsequent injury, and the balance of compensation due such employee on account of permanent total disability shall be paid from the subsequent injury fund as is provided in this section." (emphasis supplied)

In this matter, the referee and the Commission found that there was no evidence that the 1965 injury "contributed in any way to the total industrial disability now experienced by the claimant" or that the subsequent injury and the prior industrial

disability "combined" to cause the permanent total disability. Instead, they determined that the "disability was directly and solely attributable to the admitted industrial accident of April 18, 1980." These findings are supported by competent evidence and are, therefore, binding on review. *American Metals Climax, Inc. v. Cisneros*, 195 Colo. 163, 576 P.2d 553 (1978).

 The Subsequent Injury Fund is not available for contribution unless a claimant's permanent total disability results solely from a combination of previous and subsequent permanent partial industrial disabilities. *See City and County of Denver v. Industrial Commission, supra.* Therefore, the Commission correctly held that the Subsequent Injury Fund was not liable under the facts of this case.

Order affirmed.

VAN CISE and METZGER, JJ., concur.