**UNIVERSITY PARK HOLIDAY INN/WINEGARDNER & HAMMONS, INC. and American Motorists Insurance Company, Petitioners,**

**v.**

**Jeanne BRIEN and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 93CA0439.**

Colorado Court of Appeals, Div. II.

Jan. 13, 1994.

White and Steele, P.C., Ted A. Krumreich, Denver, for petitioners.

Griffith & Beach, Michael L. Griffith, Fort Collins, for respondent Jeanne Brien.

No appearance for respondent Indus. Claim Appeals Office.

Opinion by Judge NEY.

The sole issue in this workers' compensation case is whether the Industrial Claim Appeals Panel erred in calculating the claimant's temporary partial disability benefits under former § 8–51–103, C.R.S. (1986 Repl. Vol. 3B) (subsequently amended and recodified at § 8–42–106, C.R.S. (1993 Cum.Supp.)). We affirm.

The stipulated facts show that claimant, Jeanne Brien, was injured on March 9, 1986.

At that time, her average weekly wage was $164.10 per week based upon a 40.91 hour work week, or approximately $4.02 per hour. She subsequently became partially disabled as a result of her injury and was restricted to working part-time. In the interim, claimant's job duties were changed, and as a result, her hourly wage rate was increased from $4.02 to $6.75 per hour.

Applying former § 8–51–103, the Administrative Law Judge (ALJ) divided claimant's post-injury hours of employment by her pre-injury work hours to determine claimant's diminished earning capacity. The ALJ then multiplied this figure by the claimant's present weekly earnings and awarded her sixty-six and two-thirds percent of that amount. He further provided that weekly benefits shall not exceed $109.41, the temporary total disability rate based upon claimant's average weekly wage of $164.10 at the time of injury. The Panel affirmed the ALJ's method of computation.

█ On review, the parties dispute whether the ALJ erred in determining benefits. Respondents argue that our holding in *Hendricks v. Industrial Claim Appeals Office*, 809 P.2d 1076 (Colo.App.1990) requires the *exclusion* of post-injury wages in computing temporary partial disability benefits. Claimant, on the other hand, argues that the ALJ properly utilized her post-injury earnings to determine her loss of earning capacity, and she contends that this method of computation does not conflict with *Hendricks*. We agree with claimant.

The ALJ is vested with broad discretion in assessing the extent and degree of disability, and his or her determination will not be set aside absent a manifest abuse of discretion. *See American Metals Climax, Inc. v. Cisneros*, 195 Colo. 163, 576 P.2d 553 (1978); *Ski Depot Rentals, Inc. v. Lynch*, 714 P.2d 516 (Colo.App.1985).

Former § 8–51–103 provides for temporary partial disability benefits at the rate of "sixty-six and two-thirds percent of the *impairment of [the claimant's] earning capaci-*

*ty during the continuance thereof,* not to exceed a maximum of eighty percent of the state average weekly wage per week." (emphasis added)

█ Loss of earning capacity means the loss of the ability to earn, not simply lost wages. *See Eastman Kodak Co. v. Industrial Commission*, 725 P.2d 107 (Colo.App. 1986); *Hendricks v. Industrial Claim Appeals Office, supra; Hobbs v. Industrial Claim Appeals Office*, 804 P.2d 210 (Colo. App.1990). Therefore, temporary disability benefits are based on a worker's lost or impaired earning power and are designed to protect against actual loss of earnings as a result of an industrial injury. *See Monfort of Colorado v. Husson*, 725 P.2d 67 (Colo.App. 1986).

If the disability is partial and an employee engages in work during the healing period, temporary partial disability benefits are payable as a certain percentage of the employee's impaired earning capacity, if any. *Eastman Kodak Co. v. Industrial Commission, supra.*

Section 8–51–103 expressly provides for compensation of impaired earning capacity "during the continuance" of the temporary partial disability.

In *Hendricks, supra*, we set aside the administrative order because the temporary partial disability benefits did not accurately account for the employee's impaired earning capacity. In that case, the ALJ mechanically subtracted the claimant's post-injury wages from her average weekly wage at the time of injury and awarded benefits based on the difference. However, because the claimant's hourly wage had increased several times subsequent to the injury, the ALJ's method of computation did not fully compensate her for her actual diminished work capacity. In setting aside the ALJ's order, we held:

> [W]hile in some instances loss of earning capacity can be computed simply by subtracting post-injury earnings from the average weekly wage at the time of injury, in other instances a comparative wage ap-

proach will not accurately reflect the impairment of earning capacity attributable to the injury.

*Hendricks v. Industrial Claim Appeals Office, supra,* 809 P.2d at 1078.

Similarly, here, because of the claimant's post-injury wage increase, a simple wage differential does not accurately measure claimant's diminished earning capacity.

The undisputed facts establish that claimant's earning capacity was diminished as measured by the amount of time she was capable of working before her injury in comparison to the restricted work week she was able to work after the injury. The ALJ could reasonably conclude that the percentage decrease in hours worked was the best measure of claimant's diminished work capacity. *See American Metals Climax, Inc. v. Cisneros, supra.* We also perceive no error in the ALJ's determination to compensate the disability based on the claimant's post-disability wage rate.

Hence, impairment of claimant's earning capacity is established by both her decreased working capacity and the hourly wage she is now capable of earning. Claimant would be capable of working an additional nine to seventeen hours per week at $6.75 per hour if it were not for the limitations imposed by her work injury.

We also agree with the Panel that this method of computation does not conflict with our holding in *Hendricks v. Industrial Claim Appeals Office, supra.* In that case, a division of this court suggested one method for taking into account the distortion caused by a claimant's post-injury wage increases. The court emphasized, however, that the administrative tribunal must consider various variables and must attempt to achieve "a fair and equitable basis of comparison" between pre- and post-injury earning capacity. *Hendricks v. Industrial Claim Appeals Office, supra,* 809 P.2d at 1079.

We conclude that the ALJ's method of computation in this case achieves that purpose and is fully supported by the stipulated facts. Moreover, because the computation places a ceiling on claimant's temporary partial disability benefits based on her average weekly wage *at the time of injury,* it is also equitable to the respondents.

Order affirmed.

TURSI and TAUBMAN, JJ., concur.