**Charles B. ALLEE, Petitioner,**

v.

**CONTRACTORS, INC.; State Compensation Insurance Authority; The Industrial Claim Appeals Office of the State of Colorado; and Director, Division of Labor, State of Colorado, Respondents.**

**No. 87CA1113.**

Colorado Court of Appeals,
Div. A.

March 31, 1988.

Rehearing Denied May 5, 1988.

Certiorari Granted (Allee) Sept. 12, 1988.

Donald J. Fisher, Jr., P.C., Donald J. Fisher, Jr., Denver, for petitioner.

Eliot J. Wiener, Denver, for respondents Contractors, Inc. and State Compensation Ins. Authority.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

BABCOCK, Judge.

Charles B. Allee (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which set aside in part a hearing officer's award of temporary partial disability benefits. We affirm and remand with directions.

Claimant sustained an admitted injury to his knee and received temporary total disability benefits. In January 1986, claimant's employer filed an admission of liability purporting among other things, to terminate temporary disability benefits as of December 13, 1985. Claimant objected to the admission, asserting that despite his release by the treating physician, he remained unable to perform his job duties.

After a hearing, the hearing officer concluded claimant was entitled to temporary total disability benefits until March 1986 when claimant obtained independent part-time employment. The hearing officer also awarded temporary partial disability benefits from March 1986 until August 1986, apparently based on lost earnings. No date of maximum medical improvement was given. In addition, because claimant had been temporarily, totally disabled from December 1985 until March 1986, the hearing officer ordered a vocational rehabilitation evaluation, apparently pursuant to Rule (V)(C)(2)(a) of the Rules of Procedure for the Workmen's Compensation Act, 7 Code Colo.Reg. 1101–3 (Rules).

The Panel set aside the order insofar as it awarded temporary partial disability benefits subsequent to April 18, 1986. In support of this action, the Panel noted that there was no evidence that claimant's condition remained unstable after April 18, when Dr. Harder reported that claimant was 4 percent permanently, partially disabled and recommended no additional treatment. The Panel concluded there was no evidence justifying an award past April 18,

1986, because, despite continued lost earnings, temporary disability benefits cannot continue once maximum medical improvement is attained, *i.e.*, when a worker's condition becomes stable and will not improve with further treatment. *See Golden Age Manor v. Industrial Commission*, 716 P.2d 153 (Colo.App.1985). *See also Eastman Kodak Co. v. Industrial Commission*, 725 P.2d 107 (Colo.App.1986); *Collins v. Industrial Commission*, 676 P.2d 1270 (Colo.App.1984). Implicit in this conclusion is the Panel's finding that based on the record, claimant reached maximum medical improvement on or before April 18, 1986. However, the Panel declined to determine the date of maximum medical improvement.

Claimant contends the Panel erred in terminating his benefits without first determining the date of maximum medical improvement. We disagree.

The Panel's order does not terminate claimant's benefits. It merely concludes, consistent with its grant of authority, that the termination date assigned is unsupported by the evidence. *See* § 8–53–111(7), C.R.S. (1987 Cum.Supp.). We agree with this conclusion.

■ It is the hearing officer's province to assign, as a matter of fact, a date of maximum medical improvement. *See* § 8–53–111(7) and 8–53–103(1), C.R.S. (1987 Cum.Supp.). That order, and not the Panel's, operates to terminate claimant's temporary benefits.

■ We reject claimant's argument that the Panel's failure to give a date of maximum medical improvement defeats the attempt to terminate temporary disability benefits. Failure to attain maximum medical improvement is distinguishable from the failure to designate a date of maximum medical improvement. Only the former, under these facts, would preclude the termination of benefits. Here, the remedy is to remand for the determination of a date.

We find no need to resolve the dispute between claimant and his employer concerning which party had the burden of proving whether benefits should continue or cease. To the extent that claimant seeks benefits after April 18, he has either failed to meet his burden that he is so entitled, or has failed to refute the employer's evidence that benefits should cease. The result is the same in either case.

Claimant also contends that because the hearing officer ordered a vocational rehabilitation evaluation, Rule (V)(D)(5) of the Rules requires that his temporary disability benefits continue until he is awarded income maintenance benefits pursuant to a vocational rehabilitation plan. We do not agree.

■ First, Rule (V)(D)(5) applies only to the procedure to be followed once a vocational rehabilitation plan has been submitted to the Director. Here, no plan had been developed. Rather, an evaluation only was ordered. Therefore, this rule is inapplicable to these facts.

However, even if we assume the rule is applicable when an evaluation is pending, claimant would not be entitled to additional benefits. Rule (V)(D)(5) provides in part:

"The carrier shall continue to provide temporary disability benefits *if applicable* until implementation of the [vocational rehabilitation] plan and the employee begins his vocational rehabilitation program." (emphasis added)

Here, the evidence shows that claimant reached maximum medical improvement on or before April 18, 1986. Thus, temporary disability benefits would not be "applicable" between April 18, 1986, and the date the vocational rehabilitation plan, if any, is implemented or begun. *See Golden Age Manor v. Industrial Commission, supra; Monfort of Colorado v. Husson*, 725 P.2d 67 (Colo.App.1986); *Collins v. Industrial Commission*, 676 P.2d 1270 (Colo.App. 1984). This result is consistent with the Workmen's Compensation Act (Act).

Section 8–51–103, C.R.S., as it existed at the time of claimant's injury provided:

"In case of temporary partial disability, the employee shall receive sixty-six and two-thirds percent of the impairment of his earning capacity during the continuance *thereof,* not to exceed a maximum

of eighty percent of the state average weekly wage per week." (emphasis added)

The word "thereof" refers to *temporary* partial disability. Once the claimant reaches maximum medical improvement, any residual disability is no longer temporary, but permanent. *See Eastman Kodak Co. v. Industrial Commission, supra; Golden Age Manor v. Industrial Commission, supra.*

And, although § 8–49–101(1)(a), C.R.S. (1986 Repl.Vol. 3B), (repealed and reenacted, Colo.Sess.Laws 1987, ch. 51 at 387) provided for weekly maintenance benefits while a worker attends a vocational rehabilitation course, there is no provision for benefits during an interim period when temporary disability benefits have ceased to be "applicable" and a vocational rehabilitation program has not yet begun.

The order is affirmed and the cause is remanded for a determination, on the record now existing, of the date of maximum medical improvement.

STERNBERG and PLANK, JJ., concur.