CAN–USA CONSTRUCTION, INC. and
State Compensation Insurance
Authority, Petitioners,

v.

Richard A. GERBER; the Industrial
Claim Appeals Office of the State of
Colorado, and the Division of Labor,
Respondents.

No. 88CA0158.

Colorado Court of Appeals,
Div. I.

Aug. 18, 1988.

Rehearing Denied Sept. 15, 1988.

Certiorari Granted (Gerber)
Jan. 17, 1989.

Paul Tochtrop, Denver, for petitioners.

Gerlach & Weddell, P.C., Dale A. Gerlach, Colorado Springs, for respondent Richard A. Gerber.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Div. of Labor.

PIERCE, Judge.

CAN–USA Corporation, Inc., and State Compensation Insurance Authority (petitioners) contest the final order of the Industrial Claim Appeals Office (Panel) awarding temporary disability benefits to Richard A. Gerber (claimant) after he reached maximum medical improvement. We set aside the order.

Claimant is not entitled to temporary disability benefits after April 25, 1986, the date he reached maximum medical improvement. *Allee v. Contractors, Inc.,* 761 P.2d 250 (Colo.1988). This rule is not changed even if claimant was eligible for vocational rehabilitation. Rather, claimant is entitled to additional (income maintenance) benefits only if he attends a vocational rehabilitation *course.* *See*

§ 8–49–101(1)(a), C.R.S. (1986 Repl. Vol. 3B); *Allee v. Contractors, Inc., supra.*

Claimant contends that petitioners should be estopped from disclaiming liability for temporary disability benefits after April 25 because they did not provide vocational rehabilitation in a timely manner and led claimant to believe that they conceded liability for the contested benefits. We disagree.

We note that claimant did not raise this issue before the Panel. Ordinarily, we do not address issues raised for the first time on appeal. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App. 1986). However, even if we ignore this factor, we must reject claimant's contention.

Estoppel is an equitable doctrine to the effect that when one person, by conduct or words, leads another to believe in the existence of a certain condition, and the other person relies thereon to his detriment, the first party is precluded from asserting that a different condition existed. *Bastian v. Martinez,* 698 P.2d 1373 (Colo.App.1984).

■ Here, petitioners' agreement to continue paying temporary disability benefits after April 25 did not entice reasonable reliance on the fact that petitioners were liable for such benefits. Indeed, petitioners disclaimed liability for temporary disability benefits past the date of maximum medical improvement and agreed only to continue paying benefits with the condition that the excess be offset from any permanent disability award. While we do not condone this practice, we conclude that these actions do not justify application of the doctrine of estoppel.

■ We also decline to apply the doctrine of laches because we find no evidence that any delay in providing vocational rehabilitation was prejudicial to claimant. Claimant eventually waived vocational rehabilitation, electing instead to accept part-time employment. However, there is no evidence that this employment would have been available earlier or that claimant could have otherwise mitigated his wage loss but for the delay. Therefore, we cannot conclude that claimant is entitled to relief. *See People v. Bravo,* 692 P.2d 325 (Colo.App.1984).

■ We also reject claimant's alternative argument that a remand is necessary because the Administrative Law Judge (ALJ) failed to specify a date of maximum medical improvement. *See Allee v. Contractors, Inc., supra.* The ALJ specified the date of April 25, 1986 in his oral findings, but claimant failed to include this finding in the written order he prepared for the ALJ's signature. Under such circumstances, we decline to remand for additional findings. Rather, since we can ascertain the ALJ's intent from his oral order, we deem the findings sufficient. *See George v. Industrial Commission,* 720 P.2d 624 (Colo.App. 1986).

The order is set aside, and the cause is remanded with directions to deny the claim for temporary benefits subsequent to April 25, 1986.

STERNBERG and REED, JJ., concur.