[redacted]

**Richard A. GERBER and the Industrial Claim Appeals Office, Petitioners,**

**v.**

**CAN-USA CONSTRUCTION, INC. and State Compensation Insurance Authority, Respondents.**

**No. 88SC460.**

Supreme Court of Colorado, En Banc.

Nov. 27, 1989.

[redacted]

Gerlach & Weddell, P.C., Dale A. Gerlach, Colorado Springs, for petitioner Richard A. Gerber.

Paul Tochtrop, Denver, for respondents Can–USA Const., Inc. and State Compensation Ins. Authority.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, First Asst. Atty. Gen., Carolyn A. Boyd, Asst. Atty. Gen., Denver, for petitioner Indus. Claim Appeals Office.

Chief Justice QUINN delivered the Opinion of the Court.

We granted certiorari to review the court of appeals' decision in *Can–USA v. Gerber*, 767 P.2d 765 (Colo.App.1989). The court of appeals held that Richard Gerber, a worker who sustained an industrial injury prior to July 1, 1987, and who was ordered to undergo a vocational rehabilitation evaluation subsequent to his attaining maximum medical improvement, was not entitled to temporary total disability benefits for the period of time following maximum medical improvement but prior to the worker's actual commencement of a vocational rehabilitation program. On the basis of our decision announced today in *Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989), we reverse the judgment of the court of appeals and remand the case to that court with directions to reinstate the ruling of the Industrial Claim Appeals Panel.

On August 23, 1985, Richard Gerber injured his lower back during the course of his employment with Can–USA Construction, Inc. A medical examination revealed that Gerber was suffering from a ruptured disc, and he underwent lower back surgery on September 19, 1985. On April 25, 1986, Gerber's treating physician diagnosed Gerber as having a ten percent "whole body impairment" and concluded that Gerber had attained maximum medical improvement but was unable to return to his previous employment.

In March 1986 Gerber requested Can–USA's insurance carrier, the State Compensation Insurance Fund, to evaluate him for vocational rehabilitation. When the insurance carrier failed to respond to this request, Gerber made a second and third request for vocational rehabilitation evaluation. In September 1986 the insurance carrier referred Gerber to a vocational rehabilitation evaluator who determined that Gerber was in need of vocational rehabilitation. As a result of a vocational rehabilitation program, Gerber was able to secure employment on February 27, 1987, as a truck driving instructor.

In the meantime, the insurance carrier in November 1986 filed a general admission of liability for temporary total disability benefits beginning on September 6, 1985, and ending on April 25, 1986, the date on which Gerber attained maximum medical improvement. The insurance carrier took the position that any temporary total disability benefits paid to Gerber after April 25, 1986, should be credited against any award of permanent disability. Gerber, however, objected to the termination of temporary total disability benefits as of April 25, 1986, since he was physically unable to return to his former employment and had not begun new employment until February 25, 1987, after receiving vocational rehabilitation.

A hearing on Gerber's claim for temporary and permanent disability benefits was conducted before an administrative law judge on April 9, 1987. The administrative law judge concluded that Gerber was unable to return to the work for which he was previously trained and was therefore entitled to temporary disability benefits. Because Gerber was deemed eligible for vocational rehabilitation in January 1987 and undertook a vocational rehabilitation program, the administrative law judge concluded that Gerber was entitled to temporary total disability benefits until February 25, 1987, the day on which he began employment as part of a vocational rehabilitation program.

Can–USA and its insurance carrier filed a petition for review with the Industrial

Claim Appeals Panel (panel), challenging that part of the administrative law judge's order which awarded Gerber temporary total disability benefits after April 25, 1986. The panel affirmed the administrative law judge's award of temporary total disability benefits. Can–USA and its insurance carrier then appealed the panel's ruling to the court of appeals, which set aside the panel's order and ruled that Gerber was not entitled to temporary total disability benefits after April 25, 1987, the date Gerber's physician determined that Gerber had attained maximum medical improvement. *Can–USA Construction, Inc. v. Gerber*, 767 P.2d 765 (Colo.App.1989).

We now reverse the judgment of the court of appeals in accordance with our decision in *Allee*. In *Allee*, we held that when a worker has suffered a disabling industrial injury prior to July 1, 1987, and has been previously awarded temporary partial disability benefits and has also been directed to undergo a vocational rehabilitation evaluation, the worker is entitled to receive temporary partial disability benefits until such time as the worker commences a vocational rehabilitation program or an administrative decision is made that vocational rehabilitation is unnecessary to render the worker fit for a remunerative occupation. *Allee*, 783 P.2d at 283. Our decision in *Allee* applies equally to a situation where, as here, a disabled worker who has been awarded temporary total disability benefits requests vocational rehabilitation and the employer or the insurance carrier, pursuant to section 8–49–101(4), 3B C.R.S. (1986), voluntarily offers the worker a vocational rehabilitation program which the worker accepts.

We accordingly reverse the judgment of the court of appeals and remand the case to that court with directions to reinstate the panel's order awarding Richard Gerber temporary total disability benefits until the day on which he began employment as part of a vocational rehabilitation program.

