Jason MONTOYA, Petitioner,

v.

**Industrial Claim Appeals Office of the State of Colorado, District 60 Maintenance Center, and SCA Claims Management, LLC, Respondents.**

**No. 08CA0246.**

Colorado Court of Appeals,
Div. I.

Nov. 13, 2008.

Koncilja & Koncilja, P.C., Lawrence D. Saunders, Pueblo, Colorado, for Petitioner.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

No Appearance for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., T. Paul Krueger, II, Denver, Colorado, for Respondent District 60 Maintenance Center and SCA Claims Management, LLC.

Opinion by Judge STERNBERG.*

In this workers' compensation proceeding, Jason Montoya (claimant) seeks review of an order issued by the Industrial Claim Appeals Office (Panel) denying benefits and penalties. We affirm.

In December 2005, claimant sustained an industrial injury. On November 15, 2006, the treating physician placed him at maximum medical improvement (MMI) and rated his impairment at nineteen percent of the whole person. His employer, District 60 Maintenance Center, and its insurer, SCA Claims Management, LLC (collectively employer), received the physician's report on November 29, 2006, and filed a notice and proposal seeking a Division-sponsored independent medical examination (DIME) on December 15, 2006.

In January 2007, the treating physician amended her rating by apportioning four percent of the impairment attributable to loss of range of motion in the cervical spine based on preexisting range of motion studies. The change reduced the total impairment to fifteen percent of the whole person. In February 2007, employer filed a final admission of liability (FAL) consistent with the amended impairment rating and cancelled the DIME. Claimant contested the final admission and filed an application for hearing.

Following an evidentiary hearing, the administrative law judge (ALJ) determined that claimant had sustained a whole person impairment rating of fifteen percent and denied benefits based upon a nineteen percent whole person impairment rating. The ALJ also denied penalties, finding that nothing precluded employer from canceling the DIME and admitting liability for the amended impairment rating.

The Panel affirmed on review. It rejected claimant's argument that employer lost the right to challenge the original rating by failing to complete the DIME process.

## I. Ambiguity

■ Claimant first contends that the Panel erred by addressing the issue of ambiguity in the treating physician's medical reports because that issue was not presented to the ALJ, the Panel did not resolve the issue, and the impairment rating reports were not ambiguous. We find no error.

■ Ordinarily, issues raised for the first time on appeal will not be considered. *CAN-USA Constr., Inc. v. Gerber,* 767 P.2d 765, 766 (Colo.App.1988), *rev'd on other grounds,* 783 P.2d 269 (Colo.1989).

Here, rather than addressing a new issue, the Panel merely acknowledged the ALJ's recognized authority to address ambiguities in a treating physician's impairment rating as part of its analysis in determining that employer's FAL did not preclude it from challenging the first rating. *See Blue Mesa Forest v. Lopez,* 928 P.2d 831, 833 (Colo.App. 1996) (where the authorized primary care treating physician issues conflicting opinions concerning MMI, it is for the ALJ to resolve the conflict). Thus, rather than determining that the ratings themselves were ambiguous, which claimant did not assert, the Panel was considering only the scope of the ALJ's legal authority. Because the ALJ ultimately determined that employer's FAL was binding, there was no need to resolve any ambiguity that may have arisen as a result of the conflicting ratings.

## II. Waiver

■ Claimant next contends that the Panel erred in finding that employer did not waive its right to challenge the first impairment rating of nineteen percent. We disagree.

Following a workplace injury, the employer or insurer selects an authorized treating

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

physician who provides medical care to the employee. § 8–42–107(8)(b), C.R.S.2008; *Williams v. Kunau,* 147 P.3d 33, 36 (Colo. 2006). The authorized treating physician determines the date on which the employee reaches MMI and the degree of any lasting impairment due to the injury. § 8–42–107(8)(b)(I), (c), C.R.S.2008; *Lobato v. Indus. Claim Appeals Office,* 105 P.3d 220, 224 (Colo.2005).

An employer must either file an FAL based upon the treating physician's rating or request a DIME within thirty days after receiving the treating physician's report. §§ 8–43–203(1)(a), 8–42–107.2(2)(b), C.R.S. 2008; Dep't of Labor & Employment Rule 5–5(E), 7 Code Colo. Regs. 1101–3. An FAL will close all admitted issues unless the claimant objects to the FAL in writing. § 8–43–203(2)(b), C.R.S.2008. If the employer elects to pursue a DIME, the DIME physician's findings as to MMI and impairment become binding unless overcome at hearing by clear and convincing evidence. § 8–42–107(7)(b)(II), (c), C.R.S.2008.

This scheme promotes prompt delivery of benefits, simplifies the workers' compensation process, and reduces the need for litigation. *Williams,* 147 P.3d at 38; *Dyrkopp v. Indus. Claim Appeals Office,* 30 P.3d 821, 822 (Colo.App.2001).

Here, employer filed a timely notice and proposal for the DIME after the treating physician's original impairment report and filed a timely FAL in response to the amended impairment report. As the Panel noted, the rules of procedure permit the cancellation of a DIME within three days of its scheduled time and it appears employer's cancellation occurred within the requisite period. *See* Dep't of Labor & Employment Rule 11–4(B), 7 Code Colo. Regs. 1101–3 (a DIME may be cancelled by requesting party no later than three business days before exam). Thus, employer complied with all applicable time requirements and undertook those actions that were necessary to either contest or accept the treating physician's findings.

Contrary to claimant's position, nothing in the pertinent statutes or rules restricted employer's right to cancel the DIME or created a duty under these circumstances to complete the DIME process. Indeed, employer's adjustor testified that she understood the rules to permit the option of withdrawing the DIME, if done three business days prior, and that employer agreed with and intended to accept the amended rating by filing an FAL in response to it.

Claimant correctly asserts that the ALJ lacks jurisdiction to determine MMI until the opinion of the DIME physician has been filed. However, neither party requested such a determination from the ALJ. The question before the ALJ involved only a decision as to which rating was to be given controlling effect under the applicable procedure and required no inquiry into the meaning or adequacy of either report. Thus, we are not persuaded that the scope of the ALJ's jurisdiction in an ordinary DIME contest indicates that employer's abandonment of the DIME process constituted a waiver of its right to challenge the first impairment rating.

Claimant relies on the Panel's decision in *Exum v. Southwest Memorial Hospital,* W.C. No. 4–395–163 (ICAO Jan. 5, 2001), to argue that employer was required to proceed with the DIME and had no right or duty to file a final admission to the second report. In *Exum,* the Panel determined that the insurer was not permitted to file an amended FAL to admit to a "repeat" medical impairment rating from the treating physician which lowered the degree of impairment. However, we agree with the Panel that *Exum* is distinguishable on the grounds that there the employer's unilateral withdrawal and amendment of its final admission was not authorized. According to Department of Labor and Employment Rule 5–5(G), 7 Code Colo. Regs. 1101–3, an existing admission regarding medical impairment may only be modified by an insurer when the medical impairment rating is changed pursuant to a binding IME, an IME selected in accordance with Department of Labor and Employment Rule 5–5(E), 7 Code Colo. Regs. 1101–3, or an order.

Finally, we perceive no unfair advantage to insurers based on the result we reach here.

Claimant remained free to challenge the amended rating by requesting a DIME and the adjustor's uncontroverted testimony reflected that employer did not solicit the amended rating or exert any influence on the treating physician. Further, as employer asserts, there is nothing in the Act that would encourage or permit the type of manipulations claimant warns against. *See* § 8–43–503(3), C.R.S.2008 ("Employers, insurers, claimants, or their representatives shall not dictate to any physician the type or duration or treatment or degree of physical impairment.")

### III. Penalty Claim

 Because employer did not violate a provision of the Act or a rule of procedure, the ALJ properly dismissed and denied claimant's request for penalties. *See* § 8–43–304(1), C.R.S.2008 (authorizing the imposition of penalties for an unreasonable violation of any provision of the Act or rules).

The order is affirmed.

Judge BERNARD and Judge J. JONES concur.